## LYTLE v. LYTLE ET AL.

ALIMONY.—*Judgment.*—*Constructive Notice.*—A personal judgment for alimony rendered against the defendant in a cause where there has been no personal service of summons, but only constructive notice, and no appearance of the defendant in person or by attorney, can not be made the foundation of an action by the party in whose favor it was rendered, or be filed and used as a claim under an attachment sued out by another person.

From the Henry Circuit Court.

*J. T. Elliott* and *L. Sexton*, for appellant.

DOWNEY, J.—The facts in this case, on which the question of law arises, are these:

William Lytle, a resident of Henry county, who was indebted to various persons, abandoned his family and left the State. William M. Bartlett, one of his creditors, commenced a suit against him in the Henry Circuit Court, and at the same time instituted proceedings in attachment and garnishment. Nine other creditors filed their claims under Bartlett's attachment; and during the pendency of these proceedings, the appellant, the wife of said William Lytle, filed a petition against him, in the court of common pleas of the said county, for a divorce and alimony, charging him therein with adultery. At the June term of said court in 1867, a decree for divorce,

for the cause alleged, was granted to her, and she was allowed and adjudged six thousand dollars alimony. On the 19th of August, 1867, she filed her affidavit and undertaking in attachment, under the attachment proceeding of Bartlett, claiming the sum of six thousand dollars, as due to her on the judgment for alimony. The other attaching creditors, by leave of the court, filed an answer to the appellant's claim, alleging that said William Lytle was not personally served with process in the suit for divorce, but that the judgment for divorce and alimony was rendered on notice to him by publication only. The appellant demurred to the answer, on the ground that it did not state facts sufficient to constitute a defence to her action; the demurrer was overruled, and final judgment rendered against her. She appealed the case to this court, where the judgment was reversed. 37 Ind. 281.

On the return of the cause to the circuit court, the attaching creditors filed an amended answer. This answer is similar to the original answer, except that it contains the additional averment, that the defendant, William Lytle, did not appear in the action for a divorce and alimony, either in person or by attorney. The appellant again demurred to the answer, for the same cause, and her demurrer was again overruled. The appellant declining to plead further, final judgment was rendered against her. The error assigned calls in question the correctness of this ruling of the court.

The question presented is this: Is a personal judgment for alimony, in a suit for divorce in this State against a non-resident husband, who has not been personally served with process, nor appeared to the action in person or by attorney, but has been notified by publication in a newspaper only, valid as a cause of action, or is it not? No question is made as to the validity of the judgment granting the divorce.

The question involved was before this court in *Beard* v. *Beard*, 21 Ind. 321. It was decided in that case that it was competent for the legislature to authorize the courts of the State to render personal judgments for alimony, in divorce cases, upon constructive notice against citizens of the State,

but that it could not authorize such judgments, upon such notice, against citizens of another state, unless they submit to the jurisdiction of our courts by voluntarily appearing to such actions. As there could be no constructive notice where the defendant was a resident of the State, it is not perceived why it might not as well have been decided, at once, that in no case could there be a personal judgment for alimony, where there was notice by publication and the defendant did not appear. That is the effect of the decision.

Judge Cooley, in his work on Constitutional Limitations, p. 406, says: ·

"But in divorce cases, no more than in any other, can the court make a decree for the payment of money by a defendant not served with process, and not appearing in the case, which shall be binding on him personally. It must follow, in such a case, that the wife, when complainant, can not obtain a valid decree for alimony, nor a valid judgment for costs. If the defendant had property within the State, it would be competent to provide by law for the seizure and appropriation of such property, under the decree of the court, to the use of the complainant; but the legal tribunals elsewhere would not recognize a decree for alimony or for costs not based on personal service or appearance. The remedy of the complainant must generally, in these cases, be confined to a dissolution of the marriage, with the incidental benefits springing therefrom, and to an order for the custody of the children, if within the State."

Reference is made to the following cases by the author, in support of his views: *Jackson* v. *Jackson*, 1 Johns. 424 ; *Harding* v. *Alden*, 9 Greenl. 140 ; *Holmes* v. *Holmes*, 4 Barb. 295 ; *Crane* v. *Meginnis*, 1 Gill & J. 463 ; *Maguire* v. *Maguire*, 7 Dana, 181 ; *Townsend* v. *Griffin*, 4 Harring. Del. 440 ; and *Beard* v. *Beard, supra.*

The authorities cited seem to justify the learned author in the positions assumed. Reference is made by appellant to *Farr* v. *Buckner*, 32 Ind. 382, as an authority in favor of the validity of such a judgment. But it does not appear from the

statement of facts in that case that the husband did not appear in the action in which the alimony, etc., was granted, and the point in question seems not to have been considered.

We need not, in deciding this case, go to the length of holding that a judgment for alimony, rendered upon constructive notice only, and without appearance, against a non-resident defendant, is void for all purposes. The case does not require this. It is only necessary that we shall decide that such a judgment can not be made the foundation of an action by the party in whose favor it was rendered, or be filed and used as a claim under an attachment sued out by another party, as was sought to be done by the appellant. This we feel compelled to hold, in view of the authorities to which we have referred.

The judgment is affirmed, with costs.

PETTIT, J., dissents.

Opinion filed May term, 1874; petition for a rehearing overruled November term, 1874.