GEORGE PROSSER AND SARAH PROSSER, HIS WIFE, *v.* MORRIS
WARNER.

*Validity of Foreign Decree for Alimony.   Divorce.*

Parties married in New York in 1831, and lived together till 1863, when the husband
    left the wife, at which time, and for at least six months prior thereto, they had
    resided in S. in this state.   The wife subsequently preferred her complaint for
    divorce to the supreme court of New York, where she was then domiciled, alleging
    for cause the adultery of the husband in this state while they were living here and
    subsequently, and setting the husband up as having had his last known residence
    in S., but as then being of parts unknown.   Notice of said suit was given by publica-
    tion in New York, and by mailing a copy of the summons and complaint to the hus-
    band at S., whence he had removed to another town in this state.   The husband did
    not appear in said suit.   *Held*, that said court acquired no jurisdiction of the person
    of the husband, and that the decree for alimony rendered by it upon granting a
    divorce, was not binding upon him in this state.
*Semble*, that the decree of divorce was not.

DEBT on a decree for alimony, made by the supreme court of
New York upon granting a divorce to the female plaintiff from the
defendant, her former husband.   The defendant craved oyer of
the record of the proceedings in that suit, and demurred.   The

case sufficiently appears from the opinion. The court, at the December term, 1873, BARRETT, J., presiding, sustained the demurrer, and rendered judgment for the defendant; to which the plaintiffs excepted.

*W. C. French,* for the plaintiffs.

The judgment on which this suit is founded, was a part of the judgment of divorce, duly granted in the state of New York, and is distinguished in this respect from an ordinary money judgment. The vexed question of the force and validity of money judgments of a sister state, under the constitution of the United States and the laws of Congress, rendered against a non-resident defendant without notice and without appearance, is settled by the recent decision in *Price* v. *Hickok,* 39 Vt. 292, in an able and well-considered opinion by PECK, J., although differing somewhat from the opinion of Judge REDFIELD, delivered in *Lapham* v. *Briggs,* 27 Vt. 26. The testimony taken in the divorce suit, which is a part of the record, shows that these parties were married in the state of New York, and afterward lived there, although the defendant was not living there at the time of the pendency of the divorce suit, which brings the defendant within the exception to the rule laid down in *Price* v. *Hickok,* referred to by Judge PECK, p. 296, and the authorities there cited. *Douglas* v. *Forrest,* 4 Bing. 686 ; *Becquet* v. *McCarthy,* 2 B. & Ald. 951. There is no evidence in the case showing that the residence of the parties in Vermont at the time of their separation, was otherwise than temporary, or that defendant had become a citizen of any other state after leaving New York.

The judgment of divorce must be regarded as valid and binding between the parties in this state. To hold divorces similarly obtained, invalid beyond the line of the state where obtained, would upset nearly half the divorces obtained in this and neighboring states, and create great confusion. Story Confl. Laws, § 230. If the judgment of divorce is valid for one purpose, it must be for all purposes. It cannot be held good in part and bad in part. All the incidents of the divorce are deduced from the laws of New York, and have the same effect in every other state. Story Confl. Laws, *supra.*

*S. E. & S. M. Pingree*, for the defendant.

The record shows that when the judgment for alimony was rendered, the defendant was a resident of Vermont; that no process in the suit for divorce was served on him ; nor any notice of the pendency of the suit given him within the jurisdiction of the New York court ; and that he did not submit to the jurisdiction of that court by an appearance in the case. It also appears by the record that the causes on which the judgment is based, occurred in the state of Vermont, where defendant had his domicile. We submit, then, that the New-York court had no jurisdiction either of the person of the defendant or of the subject-matter ; and that the judgment, so far at least as it bears upon property, or relates to alimony, is absolutely void, at least for all purposes of enforcement here. *Boyden* v. *Fish*, 15 Johns. 121 ; *Barber* v. *Root*, 10 Mass. 260 ; *Hanover* v. *Turner*, 14 Mass. 227 ; 9 Greenl. 140 ; *Lyon* v. *Lyon*, 2 Gray, 367 ; *Vischer* v. *Vischer*, 12 Barb. 640 ; *Wright* v. *Boynton*, 37 N. H. 9 ; *Price* v. *Hickok*, 39 Vt. 292 ; 3 Am. Law Reg. N. S. 193.

The opinion of the court was delivered by

Ross, J.   In this case the plaintiffs seek to recover the amount of a decree of alimony granted to the plaintiff wife by the supreme court of New York, in June, 1868, in proceedings commenced by her to obtain a divorce from the defendant. The action is debt upon that judgment. The defendant having obtained oyer of the record of the proceedings in the supreme court of New York, and spread them upon the record in this case, by his plea insists that the same are insufficient in law to enable the plaintiffs to maintain their action. From the record of the proceedings in the supreme court of New York, it appears that the plaintiff, Sarah, was married in 1831, to the defendant, at Gorham, in the state of New York, and continued to live with him in that relation till November, 1863, when he left her. At the latter date, and for at least some six months prior thereto, they resided in Shelburne, in this state. The alleged cause for the divorce is the adultery of the defendant, committed within this state while they were resid-

ing in Shelburne, and subsequently thereto. In the same petition for divorce, the defendant is set up as having had his last known residence in Shelburne, and as then residing in parts unknown. Notice of the pendency of the divorce was given by publication, and by mailing a copy addressed to him at Shelburne. The defendant did not appear, and from the testimony in that suit, it appears that he was then residing in this state, but not at Shelburne. From these facts, it is apparent that the supreme court of New York neither had nor obtained jurisdiction of the person of the defendant. Unless a decree for alimony in a divorce suit, stands upon a different basis, and is to be controlled by different principles, than an ordinary judgment for recovery of money, the defendant is not bound by the judgment rendered against him by the supreme court of New York. In order to give such validity to an ordinary judgment for the recovery of money as will render it enforceable in another jurisdiction, the court rendering the judgment must have not only jurisdiction of the subject-matter, but of the person of the defendant. Where the court has jurisdiction of the subject-matter, but not of the person of the defendant, its judgment may be enforceable and binding upon the defendant to the extent of his property taken in the suit or on the judgment, and which is located within the territorial jurisdiction of the court rendering the judgment. Such a judgment is not enforceable against the person of the defendant, and is not a judgment *inter partes*, but rather a judgment *in rem*, affecting the property of the defendant within the territorial jurisdiction of the court. It is only enforceable against the defendant within the state or government in which the judgment was rendered. The publication of notice to the defendant, or the service of process upon him beyond the territorial limits of the state or government in which the court has jurisdiction, is ineffectual to confer jurisdiction over the person of the defendant. The effect of notice by publication, or of service of process beyond the territorial jurisdiction of the court rendering the judgment, as well as of a judgment for the recovery of money by a court which has not jurisdiction of the person of the defendant, has been fully considered by this court, in the re-

cent case of *Price* v. *Hickok*, 39 Vt. 292, and need not be further stated here. The principles enunciated in that case, render it apparent that the decree by the supreme court of New York, affords the plaintiffs no ground for recovery in this action, unless a decree granting alimony in a divorce case, stands on a different basis, and is to be governed by different principles, from an ordinary judgment for the recovery of money. No reason has been brought to our attention in the argument, for holding that a decree in a divorce suit, ordering the payment of money as alimony, has any greater validity or binding force than any ordinary judgment requiring satisfaction by the payment of money. The ordering of the payment of money as alimony, and the granting of alimony in any form, is but an incident to the granting of the divorce. Ordinarily, unless the divorce is granted, the court has no power or jurisdiction to grant permanent alimony. In rendering judgment against a defendant over whose person the court has not acquired jurisdiction, the court has usually jurisdiction of the subject-matter or contract which is the foundation of the judgment. It is doubtful if the supreme court of New York had jurisdiction of the causes of divorce which occurred within this state, and while the defendant was residing here. It seems to be the better opinion among jurists, that, as a principle of general law, jurisdiction over causes of divorce depends, primarily at least, upon the domicil of the parties at the time the alleged cause occurred. The act need not necessarily have occurred within the local jurisdiction. If it occur elsewhere, while the parties, or one of them, are temporarily abroad, it will be referred, generally, to the place of their fixed domicil, and will have the same effect there as if committed within that jurisdiction. What violations of the marriage relation shall amount to causes for divorce, are established and declared by statute. Each legislative jurisdiction has its own independent causes, which are determined and administered by the courts of that jurisdiction. We are not aware that any state ever attempted to try a cause for divorce according to the laws of another state, or to render such a judgment as a foreign court should have rendered upon the same facts. The jurisdiction to try causes of divorce, is confessedly local. They

are tried by the law of the forum where tried ; and the facts must constitute a good cause of divorce by the law of the forum, or no decree can be rendered.

The regulation of the marriage relation, and of the acts or neglects that may amount to a good cause for sundering that relation, is a matter of internal police, important to, and affecting, not only the parties to that relation, but the well-being of the state. It would seem it should be administered wholly by the courts of the state where the declared violations of the marriage relation occur, or where the parties are domiciled at the time. The acts relied upon for the cause of divorce, must have accrued while the parties were subject to the law of the forum where the divorce is granted. Otherwise the courts in one jurisdiction might determine and administer the marriage relation between citizens domiciled in another jurisdiction. This would allow one jurisdiction to pass laws, in the language of Lord ELLENBOROUGH in *Buchanan* v. *Rucker*, 9 East, 192, "to bind the rights of the whole world,"—a proposition too absurd to require refutation. In much the larger number of adjudged cases, and as we think of the better considered cases, it has been held that the judgment rendered in a suit for divorce, in a state where the cause of action did not accrue, and where the parties were not then living as husband and wife, and where the defendant in the proceeding never was served with process, nor voluntarily submitted to the jurisdiction of the court, is wholly void in any other jurisdiction than the one in which it was rendered. *Barber* v. *Root*, 10 Mass. 260 ; *Hanover* v. *Tanner*, 14 Mass. 227 ; *Lyon* v. *Lyon*, 2 Gray, 369 ; *Dorsey* v. *Dorsey*, 7 Watts, 349 ; *Maguire* v. *Maguire*, 7 Dana, 181 ; *Hull* v. *Hull*, 2 Strabh. Eq. 174 ; *Edwards* v. *Green*, 9 Louisiana, 317 ; *Irby* v. *Wilson*, 1 Dev. & Batt. Eq. 568, 576 ; *Barden* v. *Fitch*, 15 Johns. 121 ; *Bradshaw* v. *Hatch*, 13 Wend. 407 ; *Vischer* v. *Vischer*, 12 Barb. 640 ; *McGiffert* v. *McGiffert*, 31 Barb. 69.

The courts of New York have gone quite as far as those of any state, in holding such judgments void. In the case of *Fitch* v. *Borden*, it was held, that such a judgment rendered by the supreme court of this state, was wholly void, and was not admis-

sible in evidence for the defendant in a suit to recover damages
from him for debauching the plaintiff's daughter, to whom he had
been legally married, if the judgment rendered by the supreme
court of this state, divorcing him from a former wife, who was
residing in Connecticut, and who was not served with process in
this state, and did not appear in the suit, and whom he left in
Connecticut when he came to this state to reside, was valid. The
contrary doctrine has been maintained in *Harding* v. *Allen*, 9
Greenl. 140, *Ditson* v. *Ditson*, 4 R. I. 89, and *Tolen* v. *Tolen*, 2
Black, (Ind.), 407. In *Ditson* v. *Ditson*, the validity of *ex parte*
divorces in foreign states, is attempted to be upheld, on the prin-
ciple that jurisdiction of the *cause* is acquired by the domicil of one
of the parties, notwithstanding the cause accrued without the
state, upon the ground that it pertains to all sovereign states to
declare conclusively the *status* of their own citizens. But the
soundness of these decisions is strongly questioned, both upon
principle and authority, by the late Chief Justice REDFIELD, in an-
article in 3 Am. Law Register, N. S. 193, in which he thoroughly
reviews the whole subject. He admits that such judgments may
be a protection to the parties obtaining them, in the jurisdictions
where they are obtained, but denies that they have any validity
in foreign jurisdictions. Such, we think, is the better doctrine.
Otherwise, in determining the status of its own citizens, such
sovereign state, necessarily, conclusively determines the status of
the citizen of another sovereign state, whenever the other party
to the marriage relation is domiciled in a foreign jurisdiction.
Such doctrine involves an unavoidable conflict in the jurisdiction
over its own citizens, as such sovereign state must concede to
other sovereign states the same right in regard to its own citi-
zens, which it claims to exercise over the citizens of such other
sovereign states.

Whatever may be the validity of such *ex parte* judgments upon
the marriage relation of the parties named in the judgment, we
have found no case which holds that the decree for the payment
of money as alimony, stands any differently than any other *ex
parte* judgment calling for satisfaction by the payment of money.

We are unable to see any principle which distinguishes the validity of the former from that of the latter.

Judgment affirmed.