## MIDDLEWORTH ET UX. *v.* McDOWELL.

DIVORCE.—*Foreign Judgment for Alimony.*—*Service by Publication.*—A judgment for alimony rendered in another state, where the only notice to the defendant was by publication, and he did not appear, and the record does not show that he was a resident of that state, can have no force in this State.

From the Knox Circuit Court.

*J. W. Burton* and *J. W. Ogden,* for appellants.

*F. W. Viehe,* for appellee.

WORDEN, J.—Complaint by the appellants against the appellee. Demurrer to the complaint for want of sufficient facts sustained, and exception. Final judgment for the defendant.

The case made by the complaint is this: The plaintiff, Mary E., was formerly the wife of the defendant, McDowell, but she obtained a divorce from him in the district court of Wapello county, Iowa, and has since intermarried with her co-plaintiff, Archibald Middleworth. In the proceedings for

divorce, the defendant was notified by publication and not by personal service, and he did not appear thereto, but made default. In that proceeding, the plaintiff, Mary E., recovered a judgment or decree for alimony in the sum of five hundred dollars against the said McDowell. The record does not show whether McDowell was a resident of the State of Iowa at the time of the proceeding for divorce and alimony, but the inference is that he was not; otherwise it would seem that he should have been served with process. Nor is any statute of Iowa shown authorizing a personal judgment, as for alimony, on publication, without other service of process.

This action was brought on the judgment for alimony thus rendered, and the question arises, whether, on the facts above stated, the plaintiffs were entitled to recover.

It will be seen from the statement of the case, that the question does not arise, whether if McDowell had been a resident of Iowa at the time of the proceedings in the divorce case, and if there was a statute of that state authorizing personal judgments on publication, the judgment would be regarded as valid elsewhere. We assume that McDowell was not a resident of Iowa at the time of the proceedings in the divorce case, first, because that may be inferred from the fact that he was notified by publication only; and, secondly, if he was then a resident of that state, the fact should be made to appear affirmatively, in order that he be bound by the judgment for alimony, he having been notified by publication only, and not having appeared to the action, or otherwise submitted to the jurisdiction of that court. If McDowell was not a resident of Iowa, it is not very material what may have been the statute of that state in respect to notifying parties by publication, inasmuch as non-residents could not be affected thereby, to the extent of making personal judgments against them, founded on publication merely, valid in any other jurisdiction.

In *Beard* v. *Beard*, 21 Ind. 321, it was held to be competent for the legislature to authorize the courts of the State to render personal judgments for alimony, in divorce cases, upon constructive notice, against citizens of the State, but that it

could not authorize such judgments, upon such notice, against the citizens of another state, unless the latter submit to the jurisdiction of our courts by voluntarily appearing to such action therein. See, also, upon this subject, the case of *Lytle* v. *Lytle*, 48 Ind. 200.

Whatever may be the effect given to the judgment for alimony in the state where it was rendered, it can have no force out of that state, for the reason that the court, by the publication, acquired no jurisdiction of the defendant which authorized it to render a personal judgment against him. This view is fully sustained by the cases of *D'Arcy* v. *Ketchum*, 11 How. (U. S.) 165, and *Board of Public Works* v. *Columbia College*, 17 Wal. 521.

The court below committed no error in sustaining the demurrer to the complaint.

The judgment is affirmed, with costs.