31  385
44  884

## HELEN A. JOHNSON, APPELLEE, V. CHARLES L. JOHNSON ET AL., APPELLANTS.

[FILED FEBRUARY 17, 1891.]

**Divorce:** CONSTRUCTIVE SERVICE: ALIMONY. A wife filed a petition against her husband for an absolute divorce, for alimony, and the custody of the children. Service was had upon the defendant by publication, and a decree of divorce rendered, and awarding her the custody of the children and alimony. The property of the husband was within the jurisdiction of the court, but had been placed in the name of a third party. In an action by the wife to have the property subjected to the pay-

ment of the alimony the husband appeared and answered by a general denial. *Held*, That while the general rule is that alimony will not be granted where a decree of divorce is obtained *ex parte*, the defendant being domiciled in another state, yet, as the property was within the jurisdiction of the court and the defendant had been personally served and had appeared and contested the right, and it being apparent that alimony should be granted, the decree would be affirmed.

APPEAL from the district court for Buffalo county. Tried below before HAMER, J.

*Dilworth, Smith & Dilworth,* for appellants:

A creditor's bill cannot be maintained unless there has been an action at law. (*Weil v. Lankins,* 3 Neb., 384; *Weinland v. Cochran,* 9 Id., 482, and cases; *Crowell v. Horacek,* 12 Id., 625; *Brush v. Kinsley,* 14 O., 23; Pomeroy, Eq. Jur., sec. 1415; *Tyler v. Peatt,* 30 Mich., 63.) The decree for alimony was an order *in personam* and could not have been rendered upon service by publication. (Hawes, Jur. of Courts, sec. 95; 2 Bishop, Mar. & Div., secs. 159, 164, 170; Stewart, Mar. & Div., sec. 217; *Ellis v. Martin,* 53 Mo., 577; *Cook v. Cook,* 56 Wis., 195; *People v. Baker,* 76 N. Y., 78; *Lytle v. Lytle,* 48 Ind., 200; *Pennoyer v. Neff,* 95 U. S., 727; *Fein v. Fein,* 13 Pac. Rep., 79.)

*H. M. Sinclair, contra:*

This action is a supplemental one, and is a continuation of the original proceedings. (*Campbell v. Campbell,* 37 Wis., 206; *Allen v. Allen,* 100 Mass., 373; *Prescott v. Prescott,* 59 Me., 146; *Bennett v. Southard,* 35 Cal., 688; Stewart, Mar. & Div., sec. 378, and citations; *Ellis v. Ellis,* 13 Neb., 91; *Helmer v. Rehm,* 14 Id., 220; *Thrailkill v. Daily,* 16 Id., 116; *Keene v. Lallenbach,* 15 Id., 200; *Kimbro v. Clark,* 17 Id., 403.) The decree was authorized by the statute. (Sec. 27, ch. 25, Comp. Stats.; *O'Brien v.*

*O'Brien,* 19 Neb., 587 ; *Helden v. Helden,* 7 Wis., 256; *Ellis v. Ellis,* 13 Neb., 91 ;  *Barker v. Dayton,* 28 Wis., 367.)  The defects in service, if any, were cured by the appearance of Johnson in the supplemental proceedings. (*Fein v. Fein,* 13 Pac. Rep. [Wyo.], 79.)

MAXWELL, J.

This is an action in the nature of a creditor's bill, supplemental to a decree for divorce, and for alimony, to enforce a judgment for alimony in behalf of the plaintiff.

On the trial of the cause the court rendered a decree as follows :

"Now on this 7th day of January, 1890, this cause came on to be tried before the court, and the parties being present in person and by their attorneys, and during the progress of the trial the evidence being concluded on the part of the defendants the court finds that the land in controversy, viz., the northeast quarter of section 1, township 8 north, of range 15 west, in said county of Buffalo, is held by the defendant John Saunders jointly for himself and the defendant Charles L. Johnson ; that the defendant Charles L. Johnson has an undivided half interest in the land in controversy aforesaid ; that heretofore the plaintiff Helen A. Johnson had instituted in this court proceedings for divorce, and obtained a decree of divorce, and a nominal decree for alimony ; that this decree was rendered without personal jurisdiction of the defendant Charles L. Johnson ; that personal service has been had on the said Charles L. Johnson in this action, and that he has appeared herein and is properly in court in this case, and that the propriety of granting alimony to the plaintiff Helen A. Johnson may now be determined, and that defendant Charles L. Johnson is now permitted to make such defense as he sees fit to make thereto, and the court orders the further taking of testimony on the part of the plaintiff

Helen A. Johnson, concerning the alimony to which she may be entitled, if any; to which finding and order of the court the defendant John Saunders duly excepts, and thereupon the court proceeded with the further taking of evidence, and the trial was concluded.

"Whereupon the court further finds that the plaintiff Helen A. Johnson obtained on the 2d day of July, 1887, a valid decree of divorce from the defendant Charles L. Johnson; that the plaintiff has the custody of five children, the issue of her marriage with the defendant Charles L. Johnson; that the plaintiff is entitled to the sum of $2,000 alimony, and the same is hereby allowed her and declared to be a valid lien upon the undivided half interest of the. said defendant Charles L. Johnson in the land in controversy aforesaid.

"It is hereby decreed by the court that if the said Charles L. Johnson shall fail for the space of sixty days to pay into the court the said sum of $2,000, then the sheriff of Buffalo county shall proceed as upon execution to sell the said undivided half interest of the said Charles L. Johnson in the real estate aforesaid, and to report his proceedings to this court."

The answer of Johnson is a general denial, while Saunders pleads that he is a *bona fide* purchaser of the land in question.

The testimony shows that in the year 1887 the plaintiff obtained a decree of divorce from C. L. Johnson, her husband; that the petition in that case alleged that Johnson was the owner of certain real estate and other property within this state and praying for a decree of divorce and alimony and the custody of the five children. Service was had upon Johnson by publication and a decree of divorce and for alimony rendered.

The general rule is, that where a divorce is granted *ex parte* and the defendant is domiciled in another state no alimony can be granted against him. (2 Bishop on Mar-

riage and Divorce, section 381; *Prosser v. Warner*, 47 Vt., 667; *Lytle v. Lytle*, 48 Ind., 200; *Middleworth v. McDowell*, 49 Id., 386; 1 Am. & Eng. Ency. of Law, 468.)

This action is in the nature of a supplemental proceeding in the same court which granted the decree of divorce. There has been personal service and a personal appearance of the defendant Johnson and we need not determine whether the court below had power in the first instance to grant alimony, the property being within its jurisdiction.

The testimony clearly shows that the property in question was transferred to Saunders for the purpose of preventing its application to the payment of the amount due the plaintiff, and that she is entitled to a decree in her favor. The judgment of the court below therefore is right and is

AFFIRMED.

THE other judges concur.