ELLA L. RIGNEY, Respondent *v.* THOMAS G. RIGNEY, Appellant.

The jurisdiction of a court of another state to render a judgment for costs and alimony in an action for divorce, may be inquired into by the courts of this state.

While such an action is of the nature of a proceeding *in rem*, in so far as it affects the marital status of the parties, as to alimony and costs it is a proceeding *in personam.*

*It seems,* a divorce granted by the courts of a state pursuant to its statutes, to one of its resident citizens in an action brought by such citizen against a resident citizen of another state, is valid, in so far as it affects the marital status of the plaintiff, though the defendant neither appeared in the action nor was served with process in the state wherein it was brought, but the marital status of the defendant is not changed.

*It seems* also, if the defendant is a resident of the state in which the action is brought, his or her marital relation may be changed by a judgment of divorce, without personal service, if constructive service of the process be duly made.

The jurisdiction, however, which is sufficient to sustain a decree changing the marital status of the plaintiff in such an action, will not necessarily sustain a judgment for alimony and costs, and a provision in a decree for alimony and costs against a non-resident defendant, who has not been served with process or appeared in the action, is not binding upon him.

In an action to enforce that portion of a decree of a New Jersey court in a divorce suit awarding the plaintiff alimony and costs, these facts appeared: Defendant abandoned his wife in that state and became a resident of New York, plaintiff continuing to reside in New Jersey. The bill filed by her alleged adultery on the part of defendant; he appeared and filed an answer denying these allegations; the issue so joined was never brought to trial. Plaintiff, thereafter, verified a supplemental bill alleging acts of adultery occurring after the commencement of the suit, and praying for the relief asked in the original bill. An order for service by publication was made, in which defendant was described as a resident of New York, and certified copies of the supplemental complaint and order were served upon him in that state; he having failed to appear, his default was entered, and upon a master's report finding the allegations of the supplemental complaint to be true, the decree was granted. It appeared and the court found that under the law of· New Jersey and the practice of its Court of Chancery, jurisdiction to render a judgment for alimony and costs on a supplemental bill could not be acquired without the service of a new subpœna in that state, or by defendant's appearance in the action subsequent to the filing of such a bill. *Held,* that the portion of the decree in question was void.

The solicitors who filed defendant's answer to the original bill in the New Jersey suit, after the entering of the decree, moved to correct the same in one particular, but did not ask any modification as to alimony and costs; they limited their appearance for the purposes of the motion only. Defendant, after the decree was granted, married again. *Held*, that defendant was not estopped by the motion or the marriage from questioning the right of the New Jersey court to render a judgment for alimony and costs.

*Rigney* v. *Rigney* (53 Hun, 457), reversed.

(Argued June 8, 1891; decided October 6, 1891.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made July 9, 1889, which reversed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term and granted a new trial.

This action was brought to enforce, as to alimony and costs, a decree of the Court of Chancery of New Jersey, dissolving the previously existing marriage relation between the plaintiff and defendant, and awarding costs, counsel fees and alimony to the plaintiff.

February 12, 1873, the parties inter-married at Poughkeepsie, New York, and continued to reside in this state until January, 1877, when they removed to Elizabeth, New Jersey, where both resided until January, 1883, when the defendant abandoned his wife and thereafter resided in the city of New York; but the plaintiff has continued to reside at Elizabeth. On the 23d of April, 1883, the plaintiff filed a bill in the Court of Chancery of New Jersey, wherein she alleged that the defendant had committed adultery with several persons on different occasions in the city of New York, and prayed for a judgment divorcing her and awarding to her the custody of the children of the marriage, with alimony and costs. On the 4th of August, 1883, the defendant appeared in the suit and filed an answer denying the allegations of adultery, but the issue so joined was never brought to trial. April 21, 1886, the plaintiff verified a supplemental bill, wherein she alleged that the defendant had committed adultery with a person named at the city of New York at various times since the commence-

ment of the suit, and prayed for the same relief asked in the original bill. On the 2d of May, 1887, an order was made by the Court of Chancery directing that a certified copy of the order and supplemental bill be served on the defendant personally, or in default of such service, by publication, and requiring the defendant to plead on or before May 18, 1887. It is recited in this order that the defendant was then a resident of New York. On the 4th day of May, 1887, the defendant was personally served with a certified copy of the supplemental bill and order at the city of New York. May 18, 1887, the supplemental bill was filed, and on the next day, the defendant having failed to plead as required, his default was entered and the case referred to a master to take proof and report. June 11, 1887, the master's report was filed, in which he reported that the defendant had committed adultery as alleged in the supplemental bill, and that all the material allegations in the bill and supplemental bill were true. On the 13th of June, 1887, a final decree was entered whereby it was found : " That the said defendant has been guilty of the crime of adultery charged against him in the said bill of complaint and the supplemental bill thereto," and it was in said decree : " Ordered, adjudged and decreed that the said complainant, Ella L. Rigney, and the said defendant, Thomas G. Rigney, be divorced from the bond of matrimony for the cause aforesaid, and the marriage between them is hereby dissolved accordingly and the said parties, and each of them are, and is hereby freed and discharged from the obligations thereof." It was further adjudged that the custody of the children be awarded to the mother and that the defendant pay alimony for the support of his wife and children at the rate of $100 per month from the filing of the bill to the entry of the decree, and thereafter at the rate of $45 per week, with the costs of the suit. September 18, 1887, the defendant assumed to contract a marriage with one A. H., and they are now living together as husband and wife.

On the 9th of September, 1887, the solicitors who filed the defendant's answer to the original bill, served upon the solic-

itor of the complainant a notice that he would apply to the chancellor for an order striking from the final decree the words : "Bill of complaint and the," so that the decree would read : "The said defendant has been guilty of the crime of adultery charged against him in the said supplemental bill thereto." No modification was asked for as to alimony or costs, and the solicitors limited their appearance for the purpose of the motion only. On the 31st of January, 1888, the motion was granted, the final decree amended as asked and it was re-enrolled and re-entered. A subsequent motion in behalf of the plaintiff to restore the decree as originally entered was, April 2, 1888, denied. On the 4th of August, 1887, this action was begun in the Supreme Court of this state to recover the amount awarded by the decree of the Court of Chancery for alimony and costs, no part of which has been paid.

Further facts appear in the opinion.

*Hamilton Wallis* for appellant. The decree of the New Jersey court sought to be enforced in this action did not bind the defendant personally, and cannot be enforced against him personally in that state or any other. (*Pennoyer* v. *Neff,* 95 U. S. 714; *Schwinger* v. *Hickok,* 53 N. Y. 280; *Jardine* v. *Reichart,* 10 Vroom. 168; *Kinnier* v. *Kinnier,* 45 N. Y. 541; 2 Barb. Ch. 74; *Lawrence* v. *Bolton,* 3 Paige, 294; *Bostwick* v. *Murch,* 4 Daly, 70; *Puich* v. *Anthony,* 92 Mass. 477; *Milner* v. *Milner,* 3 Edw. Ch. 114; *Phelps* v. *Baker,* 60 Barb. 111; *Shumway* v. *Stillman,* 6 Wend. 448; *Windsor* v. *McVeigh,* 93 U. S. 274; *Stuart* v. *Palmer,* 74 N. Y. 191; Cooley on Tax. 266; *Merry* v. *H. L., etc., Co.,* 18 How. [U. S.] 272.) The defendant is not in any way estopped or precluded from interposing this defense in this action. (*Middleworth* v. *McLowell,* 49 Ind. 386; *Lytle* v. *Lytle,* 48 id. 200; *Pennoyer* v. *Neff,* 95 U. S. 730; Cooley on Const. Lim. [3d ed.] 406; 2 Bishop on Mar. & Div. §§ 159, 169, 170.) The amended decree of the New Jersey court, as finally enrolled, is the only decree upon which a recovery can be had in this action. (*Densmore* v. *Adams,* 48 How. Pr. 274; 49 id. 238.)

*J. A. Shoudy* for respondent. The decree of the Court of Chancery of New Jersey cannot be held valid in part and void in part. (*Forrest* v. *Forrest*, 9 Abb. Pr. 318.) The defendant must be held estopped from questioning the validity of the decree of the Court of Chancery. (Bigelow on Est. 578, 585; *Sherman* v. *MacKeon*, 38 N. Y. 275; *Southard* v. *Power*, 21 Ia. 188; *Buchman* v. *Atwood*, 44 Ill. 183; *Murphy* v. *Spalding*, 46 N. Y. 556.) The defendant cannot be permitted to falsify collaterally the decree of a court of competent jurisdiction made in the suit to which he was a party. (*Christmas* v. *Russell*, 5 Wall. 290; *Bicknell* v. *Field*, 8 Paige, 446; *Kinnier* v. *Kinnier*, 45 N. Y. 535, 542; *Taylor* v. *Brydon*, 8 Johns. 173; *Dobson* v. *Pierce*, 12 N. Y. 156–164.) There was no defect in the record or proceedings of the Court of Chancery which in any manner affects the validity or binding force of the decree. (*Edgar* v. *Price*, 2 Paige, 233; *Kinnier* v. *Kinnier*, 45 N. Y. 542; *Shattenkirk* v. *Wheeler*, 3 Johns. Ch. 276; *Dobson* v. *Pierce*, 12 N. Y. 156; *Ex parte Cronch*, 112 U. S. 178; *Ex parte Yarbrough*, 110 id. 653; *Ex parte Bigelow*, 113 id. 330, 331; Code Civ. Pro. § 544.)

FOLLETT, Ch. J. The courts of this state are commanded by the Constitution and statutes of the United States to give such faith and credit to the judgment of the Court of Chancery of New Jersey as the judgment has, by law or usage, in the courts of that state. (Const. U. S. art. 4, § 1; U. S. R. S. § 905.) The jurisdiction of the Court of Chancery to render the judgment against this defendant for costs and alimony may be inquired into by the courts of this state, and whether it had or not is the only question presented by the record.

A suit for a divorce, though not strictly a proceeding *in rem* (*Cole* v. *Cunningham*, 133 U. S. 107, 116; *Mankin* v. *Chandler*, 2 Brock. 127; 2 Bish. Mar. Div. & Sep. § 20; Drake Att. § 5), is of the nature of such a proceeding, or *quasi in rem*, in so far as it affects the marital status of the parties; but as to alimony and costs, it is a proceeding *in*

*personam.* (*People* v. *Baker*, 76 N. Y. 78; 2 Bish. Mar. Div. & Sep. § 23; 2 Black. Judg. §§ 925, 933.) The courts of the United States and those of most of the several states, including New York and New Jersey, hold a divorce to be valid, so far as it affects the marital status of the plaintiff, which is granted by the courts of a state pursuant to its statutes, to one of its resident citizens in an action brought by such citizen against a resident citizen of another state, though the defendant neither appears in the action nor is served with process in the state wherein the divorce is granted. (*Cheever* v. *Wilson*, 9 Wall. 108; *Pennoyer* v. *Neff*, 95 U. S. 714; *People* v. *Baker*, 76 N. Y. 78; *Doughty* v. *Doughty*, 28 N. J. Eq. 581; Cooley on Const. Lim. 400; 2 Bish. Mar. Div. & Sep. § 150 *et seq.*) But the courts of this and some of the states hold that the marital status of such non-resident defendant is not changed by a judgment so recovered, he or she remaining a married person. (*People* v. *Baker*, 76 N. Y. 78; *O'Dea* v. *O'Dea*, 101 id. 23; *Jones* v. *Jones*, 108 id. 415; *Cross* v. *Cross*, Id. 628; *Cook* v. *Cook*, 56 Wis. 195; *Doughty* v. *Doughty*, 28 N. J. Eq. 581; *Flower* v. *Flower*, 42 id. 152; 2 Bish. Mar. Div. & Sep. § 153 *et seq.*; 2 Black Judg. § 926.) In case a defendant is a resident of the state in which the action is brought and amenable to its substantive laws and its laws of procedure, his marital relation may be changed by an *ex parte* judgment of divorce, if constructive service of the process be duly made. (*Hunt* v. *Hunt*, 72 N. Y. 217; *Hood* v. *Hood*, 11 Allen, 196; 2 Black Judg. § 926; 2 Bish. Mar. Div. & Sep. § 25.) It has been several times held, and the decisions rest upon principle that a judgment which awards (1) a divorce; (2) alimony; (3) costs, while valid as affecting the marital status of the plaintiff, does not bind the defendant as to sums allowed for alimony and costs in case the judgment be recovered in the state in which the wife is a resident citizen, against her non-resident husband, who has not appeared in the action nor has been served with process in the state in which the action was brought. (*Beard* v. *Beard*, 21 Ind. 321; *Lytle* v. *Lytle*, 48 id. 200; *Middleworth* v. *McDowell*, 49 id. 386; *Prosser* v.

*Warner*, 47 Vt. 667; *Harding* v. *Alden*, 9 Me. 140; *Garner* v. *Garner*, 56 Md. 127; *Van Storch* v. *Griffin*, 71 Penn. St. 240; *People* v. *Baker*, 76 N. Y. 78, 87; *Van Voorhis* v. *Brintnall*, 86 id. 18; *DeMeli* v. *DeMeli*, 120 id. 485; 2 Bish. on Mar. Div. & Sep. §§ 35, 36, 79; Cool. on Con. Lim. 406; 2 Black on Judg. § 933; Freem. on Judg. §§ 584, 586; Brown on Jurisdiction, 556, 557, 558 *et. seq.*)

No final process is required to enforce that part of the judgment which decrees the divorce; but the sums allowed for costs and alimony can only be collected in New Jersey, by a process against the defendant or his property; and, like other money judgments, it is not binding on a non-resident defendant, unless he is served with process in the state, or appears in the action. A judgment for a deficiency arising upon the sale of mortgaged property is not binding on a non-resident defendant who has not been served with process, nor appeared in the action (*Schwinger* v. *Hickok*, 53 N. Y. 280), and such is the rule in respect to personal judgments rendered against non-resident defendants in actions begun by substituted service, in which property is attached. (*Oakley* v. *Aspinwall*, 4 N. Y. 514; *Durant* v. *Abendroth*, 97 id. 132; *Cooper* v. *Reynolds*, 10 Wall. 308; Drake Att. § 5.) A judgment for alimony and costs cannot be supported on the ground that they are mere incidents of and subordinate to the right to a divorce, and the jurisdiction which is sufficient to support a decree changing the marital status of the plaintiff will not necessarily sustain a judgment for alimony and costs. This brings us to the question whether the defendant's appearance in the Court of Chancery, in obedience to the subpœna issued upon filing the original bill of complaint, gave that court jurisdiction to render a personal judgment against him on the supplemental bill which alleged the commission of a matrimonial offense subsequent to the issue joined on the original bill. This question must be determined by the law of New Jersey, for no greater effect can be given the judgment in this state than would be given to it in the state where rendered. (U. S. R. S. § 905; *Board of Public Works* v. *Columbia College*, 17 Wall.

521; *Sydam* v. *Barber*, 18 N. Y. 468.)   Each state has power to regulate the procedure of its courts and prescribe the rights which plaintiffs may acquire by judgments recovered in its tribunals.   The practice and procedure may be established by statute or by the rules and decisions of the courts, and the courts of a sister state cannot give greater effect to the procedure adopted than is given to it by the courts of the state in which the judgment was recovered.   (*Hampton* v. *M'Connel*, 3 Wheat. 234; *Thompson* v. *Whitman*, 18 Wall. 457; *Mackay* v. *Gordon*, 34 N. J. Law, 286.)

At the date of the filing of the supplemental bill the defendant had ceased to be a resident of the state of New Jersey, as was found by the trial court, and had become a resident of the state of New York, as was alleged in a petition filed by the plaintiff.   The trial court found upon undisputed evidence that under the law of New Jersey and the practice of its Court of Chancery that jurisdiction to render a judgment for alimony and costs on the supplemental bill, enforceable in that state against the defendant, could not be acquired without service of a new subpœna in the state, or by his appearance in the action subsequent to the filing of the supplemental bill. The practice of the plaintiff's solicitor, and sanctioned by the Court of Chancery, was strictly in accordance with this finding.   The defendant's solicitors resided in the state of New Jersey, but no notice was given them of the application to file the supplemental bill or any of the proceedings taken after it was filed.   The plaintiff's solicitor procured a new subpœna to be issued and obtained an order for its service by publication or personally without the state.   It does not appear that the solicitors for the defendant were served with the subpœna or with a copy of the supplemental bill or had notice that one had been filed.   If the defendant was deemed to be in court for the purposes of the supplemental bill and the proceedings thereunder by virtue of his appearance and answering the original bill, his solicitors would have been entitled to notice of the proceedings subsequent to the filing of the supplemental bill and the entry of a *pro confesso* judgment would not have been authorized.

It is urged that the omission to serve the defendant with a subpœna within the state after the supplemental bill was filed, was a mere irregularity and not jurisdictional. The difficulty with this position is that it was not so found. On the contrary, service within the state was found to be, under the law and practice of the Court of Chancery of New Jersey, an indispensible prerequisite to the rendition of a personal judgment. An act or omission which would be held only an irregularity under the laws of one state may, by the laws of another, be fatal to the right of the court to proceed to judgment.

By the rules and decisions of the English Court of Chancery, which have been generally adopted and followed by the equity courts of the United States and of the several states, facts occurring after the filing of an original bill which, if proved, would entitle the complainant to the relief prayed for in the original bill cannot be introduced therein by amendment, but may be brought before the court, if at all, by a supplemental bill (Story's Eq. Pldgs. § 332), and when a supplemental bill is filed the defendant must be brought into court by the service of a new subpœna within the state unless he voluntarily appears after the supplemental bill is filed. (*Barber* v. *Beers*, 3 Stew. N. J. Dig. 252, p. 400 ; *Lawrence* v. *Bolton*, 3 Paige, 294.)

It is urged that the defendant, by his subsequent marriage and motion to correct the judgment, recognized its validity in all its parts and is estopped from questioning the right of the Court of Chancery to render a judgment for alimony and costs. We fail to discover on what principle these facts can be held to create an estoppel by conduct, as the plaintiff neither did, nor omitted to do anything by reason of these acts.

This action being for the recovery of "a sum of money only," the court has no discretion as to costs. (Code C. P. § 3228.)

The order should be reversed and the judgment of Special Term affirmed, with costs.

All concur.

Order reversed and judgment accordingly.