44   881
45   302

## Oscar Dillon v. Nellie D. Starin.

FILED APRIL 16, 1895.   No. 6209.

1. **Divorce:** PUBLICATION OF NOTICE: ALIMONY.   In an action for divorce, where the husband is a non-resident served only by publication of notice and he does not appear, the court has no jurisdiction to render a personal judgment, as for alimony.

2. ———: DISPOSITION OF PROPERTY.   Section 18, chapter 25, Compiled Statutes, providing that on dissolution of a marriage the court may make a decree restoring to the wife personal estate that shall have come to the husband by reason of the marriage or awarding to her the value thereof, refers to property which the law gives the husband by reason of the marriage and not to property obtained by the husband from the wife by gift or contract.

3. ———: ———: PLEADING AND PROOF.   A petition alleging that a certain sum had come to the husband by reason of the marriage and praying restitution thereof is not supported by proof of money voluntarily advanced by the wife to the husband after the marriage.

. ERROR from the district court of Otoe county.   Tried below before CHAPMAN, J.

*M. L. Hayward* and *P. C. Jessen,* for plaintiff in error.

*John C. Watson, contra.*

*Good & Good, amici curiæ.*

See opinion for citations.

IRVINE, C.

The record in this case discloses that the parties were married in Missouri in 1875.   In 1879 they took up their residence in Kansas.   Some time thereafter the defendant in error came to the home of her mother in Nemaha county, in this state, and, after residing with her mother for some-

60

thing more than two years, brought action in the district
court of Nemaha county for a divorce and for alimony, or
rather for a divorce and the restitution to her of the value
in money of personal property which it was averred had
come to the possession of Dillon by reason of the marriage.
No personal service was had on Dillon. He was not in
the state, nor was he a resident of the state. Constructive
service was had by publication, and a decree allowed grant-
ing the defendant in error a divorce and giving her judg-
ment for $1,000, which the court found the plaintiff in
error had received from the defendant in error because of
the marriage. After the rendition of this decree the de-
fendant in error married one Starin and removed to Min-
nesota. The plaintiff in error has also married, and at the
time the present action was begun, resided in Arkansas.
Dillon's father died in Otoe county, and Dillon, having
temporarily come into that county because of his father's
death, the present action was there instituted by Mrs.
Starin. The theory of the action will best appear by a
summary of the petition. It alleged the divorce proceed-
ings in Nemaha county and set out *in extenso* the petition
in that case. It then reasserted the truth of the allegations
of that petition. It pleaded the decree, that the judgment
allowed therein was not paid; averred the death of Dil-
lon's father, and that Dillon had, as his father's heir, be-
come seized of certain real estate in Otoe county, described
in the petition. The prayer was for a judgment of $1,000,
with interest from the date of first decree, and that such
judgment be charged upon said real estate as a lien thereon.
Dillon, in answer, denied the truth of the allegations upon
which the divorce was granted; denied that he had any
knowledge of those proceedings; averred that he never re-
ceived from the plaintiff any sum except $300, of which he
had repaid $165, the remainder having been consumed for
the maintenance of the family ; denied the jurisdiction of
the court to grant the relief prayed, and averred that the

judgment for money in the divorce case was void. The case was tried to the court without a jury, the court finding that defendant had used of plaintiff's separate property the sum of $600, for which sum, with interest, amounting to $1,049.50, judgment was rendered against the defendant and made a lien on defendant's interest in the land of his father. To reverse this judgment or decree the defendant instituted these proceedings.

Some of the assignments of error are directed against the admission of evidence. These assignments will not be noticed, for the reason that the case was tried to the court, and the admission of improper evidence was, therefore, not in itself reversible error. The assignment that the finding and judgment are not supported by sufficient evidence presents the questions which have been argued by counsel.

Our statute (ch. 25, sec. 10, Compiled Statutes) provides that in all cases of divorce, alimony, and maintenance, when personal service cannot be had, service by publication may be made as provided by law in other civil cases under the Code of Civil Procedure. This statute is wholly ineffectual to sustain a judgment for alimony or maintenance based upon service by publication against a non-resident who does not appear in the action. It has been many times decided in this state and elsewhere that a judgment for alimony is a judgment *in personam*. It is perfectly clear upon principle, and thoroughly settled by the authorities, that while a state may provide for constructive service in a divorce case, so that the decree rendered will be valid as affecting the status of the parties, it is beyond the power of the legislature to confer jurisdiction to render a personal judgment against a non-resident in this manner, and that a judgment for alimony based on such service is void. (*Bunnell v. Bunnell,* 25 Fed. Rep., 214; *Rigney v. Rigney,* 127 N. Y., 408; *Beard v. Beard,* 21 Ind., 321; *Lytle v. Lytle,* 48 Ind., 200; 1 Am. & Eng.

Ency. of Law, 468, and cases there cited.) The same rule has been announced in this state in *Johnson v. Johnson*, 31 Neb., 385. *Johnson v. Johnson* was an action in the nature of a creditor's bill supplemental to a decree similar to that rendered in the case in Nemaha county, by which it was sought to subject land belonging to the husband, but the title to which stood in the name of another, to the payment of the judgment. The husband appeared in the latter proceedings, and a judgment in favor of the wife was affirmed; but this was upon the ground that Johnson's appearance had conferred upon the court in these supplemental proceedings jurisdiction to try anew and determine the question of alimony. The decree was not based on that in the divorce case, which was considered and treated as void so far as it was *in personam*. The character of the pleadings and the precise nature of the proceedings do not appear from the report of the case. The court, however, laid stress upon the fact that the proceedings were supplemental to the divorce and in the same court which granted it. The judgment for $1,000 in the district court of Nemaha county was, therefore, without jurisdiction, and could not be made the foundation of an action. Mrs. Starin, in her petition in this case, clearly counted upon this judgment, but she evidently endeavored to aver at the same time facts constituting a separate cause of action by reasserting the averments of her petition in the divorce case. It is quite clear that the district court considered the first judgment void and proceeded upon the theory that this was an original action, because its finding was that the defendant had received of the plaintiff's separate property $600 instead of $1,000, as found in the divorce case. In *Earle v. Earle*, 27 Neb., 277, it was held that courts of equity have power to enforce the duty of a husband to support his wife in an action for that purpose without reference to a divorce. In *Cochran v. Cochran*, 42 Neb., 612, it was held that after a husband has obtained a divorce upon

constructive service the wife may maintain an independent action for alimony.  It would seem, therefore, that the court granting the divorce having had no jurisdiction to to pass upon the property rights of the parties, Mrs. Starin might maintain a separate action to determine those rights, even to the extent of suing for alimony as such, unless her subsequent marriage defeated the right,—a question argued in the briefs, but one which it is not necessary to decide. Was this a case of that nature; and if so, does the evidence support the judgment?   No objection having been made to the double aspect of the petition, it is quite probable that the district court was justified in treating it as an original action.   If so, it must stand solely upon the averment that "personal property to the amount of more than $3,000, the sole property of this plaintiff, has come to the said defendant by reason of the said marriage."   This averment was evidently made to bring the case within chapter 25, section 18, Compiled Statutes, providing that upon the dissolution of a marriage the court may make a further decree restoring to the wife the whole or such part as it shall deem just and reasonable of the personal estate that shall have come to the husband by reason of the marriage, or awarding to her the value thereof to be paid by the husband in money.   This section immediately follows a section providing that when a decree of divorce shall be granted, the wife shall be entitled to the possession of her real estate in like manner as if her husband were dead. This act was passed prior to the enactment of the married woman's act, and it is very evident that the two sections referred to have reference to the property rights of a husband as they existed at common law, and that their object was to restore the wife to her property rights on dissolution of marriage and prevent the husband from retaining the personal property and possession of the real estate thereafter.   The language, "personal estate that shall have come to the husband by reason of the marriage," means,

therefore, personal property, the right to which the law casts upon the husband because of the. marriage. The property for which this judgment was rendered was not property of this character. It was money which came to the wife as the proceeds of land inherited from her father. The marriage gave the husband no right to it. The evidence shows that the wife, of her own volition, paid a debt of the husband therewith. It therefore came to the husband by reason of a gift or a loan, we do not determine which, and not by reason of the marriage. The distinction is important. Questions of property may arise between husband and wife in this state in three ways: First —Because of the legal obligation cast upon the husband to maintain his wife. Because of that obligation the courts, in a proper action, may require the husband to pay money to the wife for her support regardless of any business transactions between them. Such an allowance may properly be described as alimony. Second—Under sections 17 and 18, above referred to, where the law by reason of the marriage has conferred upon the husband property belonging to the wife, the court, when the marriage is dissolved, may restore such property to the wife. Third— Under the married woman's act, Compiled Statutes, chapter 53, the wife is practically emancipated and may now enter into contractual relations with her husband. Such relations may give rise to claims precisely of the character existing under similar circumstances between strangers. (Skinner v. Skinner, 38 Neb., 756.) Treating the petition in this case in the light most favorable to the plaintiff, it stated a cause of action under the second class, while the proof tended to establish a cause of action under the third class. The allegata et probata must agree, and under a petition charging a cause of action based purely on marital rights, proof of purely contractual obligations is irrelevant.

REVERSED AND REMANDED.