(Court of Common Pleas, Cuyahoga Co., June, 1897.)

MELVILLE I. MASSEY v. MARY F. STIMMEL, etc., et al.

*Divorce— Jurisdiction -- Alimony — Marital status and custody of minor child— Relief from decree granting alimoney on constructive service—*

Where a divorce has been granted without personal service on defendant, who was not in the state when suit was brought, and made no appearance, au action to vacate and set aside that part of the decree awarding alimony and costs, will lie, although valid as far as the marital statute of the plaintiff is concerned, or the custody of a minor child within the jurisdiction of the court.

On the 9th day of June, A. D., 1893, at the April term of the Court of Common Pleas, of Cuyahoga county, the defendant, Mary F. Stimmel, formerly Massey, obtained a decree of divorce from the plaintiff, Melville I. Massey, a citizen of Ohio, temporarily residing in the state of New York, together with a judgment for alimony against him, in the sum of $500.00; but no execution was issued thereon until the 31st day of October, A. D., 1895, on which date an execution to enforce payment of said judgment against the plaintiff was duly issued to the sheriff of Erie county, Ohio, who thereupon levied the same upon certain lands acquired by the plaintiff, long after a rendition thereof, and caused the lands so levied upon, to be advertised for sale; but the sale thereof was subsequently enjoined by a restraining order heretofore issued in this case.

DELLENBAUGH, J.

Now, what do the records of this court show was done in this court in said divorce suit, wherein Mary F. Massey, now Stimmel, was plaintiff, and Melville I. Massey, defendant: Appearance Docket No. 40, p. 194, shows, that "on April 10th, 1883, petition and praecipe and affidavit, that service of summons cannot be made, field, and summons with certified copy issued and mailed the defendant, at New York City, Kings county, state of New York."

"April Term, 1883, (April 30th,) summons and certified copy of petition mailed to defendant at New York City. Kings county, state of New York. Returned endorsed. 'Returned to writer.'"

Execution Docket, No. 54, p. 89, further reveals, that on the 9th day of June, 1893, at the April term of this court, said divorce suit came on to be heard in open court, and that said defendant and her witnesses, were then and there duly sworn and examined, and a decree of "divorce granted, and custody of minor child given to plaintiff. Plaintiff allowed as alimony, $500, for which and also the costs, judgment is rendered against the defendant."

Praecipe for execution against plaintiff, for unpaid clerk's and sheriff's costs only, were duly filed and issued on three different dates, i. e., December 10th, 1895, September 18th, 1888, and September 15th, 1893; but each one of said executions was returned within the time provided by law, endorsed "no property, no money made." On October 31st, 1895, the next and the last praecipe was filed, and execution issued against defendant for said alimony and costs, to the sheriff of Erie county, who proceeded to levy on said lands, and advertised the same for sale as already stated. Now, plaintiff asks that said judgment may be declared void, set aside and held for naught, because, (1st)—That when said judgment for alimony was rendered, no service whatever, or other process, by publication or otherwise, had been made upon plaintiff, and that, therefore, said judgment was rendered by this court without any jurisdiction over plaintiff's person. (2nd)—That said judgment had become dormant long before the issuing of an execution thereon, and that, therefore, an execution could not be legally issued on said judgment for the purpose of enforcing the payment thereof.

Now, what is the vital question presented for the consideration and determination of the court in the case at bar? Why, it is this: What, if any, jurisdiction, did this court have to render judgment against plaintiff for alimony and costs upon the strength of constructive service only? Let us see. It is well settled law in Ohio, that in proceedings by attachment, in which there is no appearance of the defendant, nor any service of process on him, except constructively, the case thereupon becomes, simply a proceeding in rem, the only effect of which is to subject the property attached, to the payment of the demand which the court may find to be due the plaintiff.

Now, the fact that proceedings in this class of cases in Ohio, are purely proceedings in rem, is clearly established by the fact, that although the jugdment rendered is in the form of a personal judgment against the defendant, it has no effect whatever beyond the property attached, and, therefore, an execution

cannot be issued thereon for any unsatisfied balance thereof, after the property seized is exhausted. Furthermore, in such a suit, the court cannot proceed unless some property of the defendant is seized under the writ of attachment, or held under an order of garnishment. A failure to find property, however, is the end of the case, and deprives the court of further jurisdiction, though constructive service by publication may have been duly made according to law. Pelton v. Platner, 13th Ohio, 209: Leonard v. Lederer, 10 Bulletin, 450; Chicago Coal Co. v. Manley, 21 Bulletin, 38; Wood v. Stanberry, 21 Ohio St., 142; Pennoyer v. Neff, 95 U. S., 714; Freeman on Judgments, sec. 567, and cases cited.

Although a suit for divorce is not exactly a proceeding in rem, yet, it is clearly in the nature of a proceeding in rem, that is, quasi in rem, as far as it affects the marital status of the parties; but, as to alimony and costs, it is purely a proceeding in personam.

The courts of substantially all the several states of the Union, hold a decree granting a divorce, to be valid, in so far as it affects the marital status of the parties which is allowed by the courts of a state in accordance with its statutory law, to one of the resident citizens in a suit commenced by such citizen against one of its citizens temporarily residing in another state, although the defendant neither appears in the action, nor is he served with legal process in the state where the divorce is allowed. Cooley on Cons. Lim., 40; 2 Bish. Mar. & Div., sec. 150.

A decree for divorce which awards (1st,) a divorce; (2nd,) custody of minor child; (3rd,) alimony: (4th,) costs, while valid as affecting the marital status of the plaintiff, and custody of minor child, (if such is within the jurisdiction of the court), does not in any manner bind defendant as to alimony or costs, in case such decree is granted in Ohio, to a "bona fide" resident plaintiff, against another citizen of Ohio, temporarily residing in some other state who has been constructively served with process only.

Where alimony is granted as an incident of divorce, the court which has jurisdiction to decree the divorce, has also the power to grant alimony, provided, it obtains jurisdiction of both parties; but if the divorce was "ex parte," and the defendant is domiciled in another state, and does not appear, no alimony can be granted, unless he has been served with process within the jurisdiction of the court, or appears and defends. Bish. on M. & D., secs. 381, 169, 170, 79; 1 Amer. & Eng. Ency. Law, 468, and cases cited. Other authorities to the same point, are: Middleworth v. McDowell, 49 Ind., 386; De La Montanya, v. De La Montanya, 44 Pac., 345; Van

Storch v. Griffin, 71 Pa. St., 240; Simmons v. Simmons, Phillips Eq. (N. C.,) 63; De Meli v. De Meli, 120 N. Y., 485; Leith v. Leith, 39 N. H., 29 and 30; Turner v. Turner, 44 Ala., 437, 451; Brown on Divorce, 267; Anderson v. Anderson, 55 Mo. App., 268 &272; Dillon v. Starin, 63 N. W., 12.

In Dillon v. Starin, supra, decided April 16,, 1895, the Supreme Court of Nebraska held: In an action for divorce, where the husband is a non-resident, served only by publication of notice, and he does not appear, the court has no jurisdiction to render a personal judgment, as for alimony.

In Anderson v. Anderson, supra, the Missouri Court of Appeals held: That, "in an action for divorce, on constructive notice, and non-appearance of defendant, no personal judgment for alimony can be rendered against him."

On the 24th day of March, 1896, the supreme court of California, in De La Montanya v. De La Montanya, supra, held: "Where defendant, though domiciled in the state, is living elsewhere, the court has no jurisdiction to award alimony on substituted (constructive) service."

Judge Maxwell who delivered the opinion of the supreme court of Nebraska, in Johnson v. Johnson, (47 N. W., 1115), said: "Service was had upon Johnson by publication and a decree of divorce and alimony rendered. The general rule is that where a divorce is granted "ex parte," and the defendant is domiciled in another state, no alimony can be granted against him. Maxwell J. cites in support of the rule announced by him to be a general rule, 2 Bish.M. & D., sec. 381a.; 47 Vt., 667; 48 Ind., 200; 49 Ind., 386; 1st Amer. & Eng. Ency. of Law, 468.

The court is therefore constrained to hold that where a divorce has been granted without personal service on defendant, who was not in the state of Ohio when suit was brought, and made no appearance, an action to vacate and set aside that part of the decree awarding alimony and costs will lie, although valid as far as the marital status of plaintiff is concerned, or the custody of a minor child within the jurisdiction of the court. A decree therefore, granting plaintiff the relief prayed for in his petition, will be granted. Judgment accordingly.

Charles E. Pennewell, and Phinney & Merrill, Counsel for Plaintiff.

Charles M. LeBlond, and Frank A. Beecher, Counsel for Defendant.