JOHN G. HARRYMAN and EDSON M. M. SCHRYVER,
trading as HARRYMAN & SCHRYVER *vs.* ALBERT D.
ROBERTS.

*Plea of prior Judgment—Insufficient answer to a Plea of prior
Judgment—Service of Personal process on Defendant not
essential to the validity of a Judgment against him—Right
of each State to prescribe the mode of Service of Process
upon its Citizens—Admissibility in Evidence of a Printed
volume purporting to contain the Statutes of a State—Art.
37, sec. 47 of the Code—Certificate of Clerk sufficient with-
out the Signature of his full Christian name—What is
necessary to make a Judgment in a Prior suit between the
same parties a Bar to a second Suit—Admission by a Part-
ner.*

A judgment recovered against a defendant in another State, is a bar
to a suit brought upon the same cause of action in this State; and
when it is relied on as a plea in bar, the only question open for
inquiry is whether the Court in which the judgment was rendered
had jurisdiction of the person or subject-matter. The judgment
is conclusive as to the merits of the controversy.

Where a suit is brought in this State on the same cause of action on
which judgment has been recovered in another State, and such
judgment is pleaded in bar to a recovery in the second suit, it is
no sufficient answer to such plea, to allege that a motion was filed
by the defendant in the Court in which the judgment was rendered
to set the same aside on the ground that he was not indebted to
the plaintiffs, and that he had not been served with process; and
that for the purpose of pleading the said judgment in bar in the
second suit, the defendant fraudulently consented to have the said
motion overruled.

While it is essential to the validity of a judgment that the defendant
should have notice of some kind, it is not always necessary that he
should be served with personal process.

Each State has the right to prescribe by law how its citizens shall be
brought into its Courts; and if process be served upon a defendant

according to the laws of the State of which he is a resident, and judgment be afterward rendered against him, such judgment is as binding between the parties in this State when relied on as a bar to the prosecution of a second suit upon the same cause of action, as it is in the State where it was rendered.

A book in two volumes published in 1860, entitled "The Revised Statutes of the State of Ohio " of a general nature, in force August 1st, 1860, and upon the title page of which appeared the following words in printing : " Published for the State of Ohio and distributed to its officers under the Act of the General Assembly, passed March 16th, 1860," is strictly within the meaning of sec. 47 of Article 37 of the Maryland Code which provides " that public or private statutes of any State may be read in evidence from any printed volume purporting to contain the statutes of the said State," and is therefore admissible in evidence to show the statute law of the State of Ohio.

It is not essential to the sufficiency of a certificate given by the Clerk of a Court, that he should sign his full Christian name thereto. The signature of " E. W. Pearson, clerk of the Court of Common Pleas of Ross County, Ohio," is sufficient.

In order to make a judgment in a prior suit between the same parties a bar to a second suit, it is only necessary to prove that the subject-matter of the two suits is substantially the same. The fact that the forms of action in the two cases are different, does not affect the question, provided the matter in controversy be the same.

An admission by a partner relative to a matter of partnership concern, binds his co-partner.

APPEAL from the Court of Common Pleas.

Henry Wagner and Edson M. Schryver as co-partners, carrying on business in Baltimore city, under the firm name of Wagner & Schryver, made advances on consignments of broom corn to Albert D. Roberts, of Ohio, the appellee. The advances exceeded the consignments some $2800. Wagner died and Schryver went into partnership with John G. Harryman, under the name of Harryman & Schryver. Schryver, as surviving partner of Wagner & Schryver, assigned, in writing, the claim against Roberts to Harryman & Schryver, who, on the 18th of March, 1878,

instituted an attachment against Roberts, and caused the writ to be laid in the hands of various parties as garnishees. The case is further stated in the opinion of the Court.

The Court below sustained the defendant's demurrer, and the plaintiffs then joined issue short on his third plea. An agreement of counsel was filed waiving all errors in pleading.

*Plaintiffs' First Exception.*—This was taken to the action of the Court (BROWN, J.) in sustaining the defendant's demurrer.

*Plaintiffs' Second Exception.*—This was taken to the admission in evidence of certain matters read from a printed book, in two volumes, purporting to be "The Revised Statutes of the State of Ohio," of a general nature in force August 1st, 1860, &c.

*Plaintiffs' Third Exception.*—This was taken to the reading in evidence the transcript of the record of the case of *Harryman & Schryver vs. Roberts*, in the Court of Common Pleas of Ross County, Ohio.

*Plaintiffs' Fourth Exception.*—The plaintiffs offered two prayers, as follows:

1. If the jury find from the evidence, that at the time suit was instituted in Ohio by the plaintiffs against the defendant, the plaintiff, Schryver, had not assigned in writing the causes of action, mentioned in evidence, to himself and the plaintiff, Harryman, then the jury are not at liberty to find from the evidence that the causes of action mentioned in this suit, are the same as the causes of action on which the plaintiffs sued the defendant in Ohio.

2. The jury are instructed that the admission of one of the plaintiffs that the causes of action in this suit, and in that mentioned in the alleged judgment offered in evidence, are the same, is not binding on the plaintiff, Harryman.

Harryman and Schryver *vs.* Roberts.

The defendant offered the following prayer:

If the jury find from the evidence in the case, that the defendant, Albert D. Roberts, was a resident of Ross County, in the State of Ohio, on the 22nd day of January, 1878, at the time of the institution by the plaintiffs against him of the suit in Ross County, Ohio, of which suit a record has been offered in evidence in the case now on trial; and shall further find that the indebtedness, for the recovery of which the suit in Ohio was instituted, is virtually and substantially the same as the indebtedness for the recovery of which the case now on trial was instituted, *then* their verdict must be for the defendant, notwithstanding the fact that in the Ohio case the debt was sued for as due upon an account stated between Harryman & Schryver and Albert D. Roberts, and in the case now on trial, the debt is sued for as a debt having been due by Roberts to Wagner & Schryver, and by said Schryver, as the survivor of said firm of Wagner & Schryver, assigned to said Harryman & Schryver.

The Court rejected the prayers of the plaintiffs and granted the prayer of the defendant. The plaintiffs excepted, and the verdict and judgment being against them, they appealed.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*Sebastian Brown,* for the appellants.

The alleged judgment in Ohio is no bar to this action, because the defendant fraudulently consented that it be allowed to stand against him for the sole purpose of pleading the same in bar of this suit, and of defrauding the plaintiffs out of their money.

Where the Statute of Limitations is pleaded, a replication alleging fraud is a sufficient answer to the plea. *Baltimore Building Association, No. 2, of Baltimore City vs. Grant,* 41 *Md.,* 560.

The defendant, by his affidavit, as alleged in the second replication, swore he was not served with process, and as. appears from the transcript of said judgment, he was not served with process. Such being the fact alleged by the replication, the Court in considering the demurrer could not look to the statute laws of Ohio for evidence to support the demurrer. *Ritchie's Case*, 31 *Md.*, 191.

If the defendant were not served with process, the judgment against him as far as this State is concerned, is simply void.

The Court erred in permitting the defendant to read in evidence certain printed matter from two volumes, purporting to be the Revised Statutes of Ohio, of a general nature. The object of this evidence was to prove that according to the laws of Ohio, a writ of summons in a suit. could be legally served by leaving the same in the usual place of residence of the defendant.

Article 37, sec. 47, of the Maryland Code, provides that "public or private statutes * * * of any State * * may be read in evidence from any printed volume purporting to contain the statutes of the said * * State."

These two volumes do not profess to contain all the statutes, or the particular statutes of any one session, but only statutes of a general nature. The books on their face have the appearance of being a private codification, and they contain no internal evidence of having been published by authority. Though they contain the words "published for the State of Ohio," by an Act passed March 16, 1860, the Act does not appear in the volumes.

The volumes contemplated by Article 37, sec. 47, of our Code, are such as contain the statutes of a particular session of the Legislature, or a codification of the laws which has. been adopted by the Legislature.

The alleged judgment has no binding force in this Court, because the defendant was not personally served with process. *D'Arcey vs. Ketchum*, 11 *How.*, 174; *Webster vs.*

Harryman and Schryver *vs.* Roberts.

*Reid,* 11 *How.,* 459, 460 ; *Nations vs. Johnson.* 24 *How.,* 195; *Weaver vs. Boggs,* 38 *Md.* 261; *Mayhew vs. Thatcher,* 6 *Wheaton,* 129 ; *Lincoln vs. Sower,* 2 *McLean,* 473 ; *Westerwelt vs. Lewis & Sooker,* 2 *McLean,* 511.

It is claimed that a judgment where there has been no personal service is good, if the defendant be a resident of the State where judgment is rendered, and the law of that State makes other process sufficient.

The Court said in *Webster vs. Reid,* that a judgment recovered without personal service is a nullity whether the defendant be a resident or not.

This Court held in *Weaver vs. Boggs,* that whether a foreign judgment recovered without personal service is binding or not, must be determined by the circumstances of each case as it arises. If there ever was a case where the judgment should be held not binding, this is that one.

The transcript is not properly certified.

The prayers of the plaintiffs should have been granted and the prayer of the defendant rejected. The only evidence that the cause of action in both suits is the same, is in an admission of one of the plaintiffs, as testified to by Mr. Schmucker.

Parol testimony as laid down in *Whitehurst vs. Rogers,* 38 *Md.,* 517, 518, is often necessary to show that causes of action are the same. But this must be taken with certain limitations. If suit be brought to recover for goods bargained and sold, and after judgment a second suit be brought for goods bargained and sold, it is proper to show that the goods mentioned are the same in both cases. But if the second suit be brought for money lent, then, even if the previous case for goods bargained and sold went by default, it would be incompetent to show that the suit for goods sold and the suit for money lent were on the same cause of action.

The suit in Ohio was on an account stated, and the suit here is on money paid for, and for money lent to, the de-

fendant by Wagner and Schryver, as well as on accounts stated. In this case we claim nothing on the count of accounts stated. How then can the cases be the same? A judgment by default was recovered when the defendant owed nothing. He knew he owed nothing and could have caused the judgment to be stricken out. He must take the consequences of that judgment as of any other judgment by default. The admission of Schryver might bind him if he were sole plaintiff, but it being an admission beyond the scope of his authority as a partner, it cannot bind the firm.

*Samuel D. Schmucker*, for the appellee.

The Court below was right in sustaining the demurrer to the first, second and fourth replications to the defendant's third plea, because the first replication tendered no issue of fact, but attempted to put in issue, to be tried by a jury, mere matters of law.

The second replication is bad, because it is vague, argumentative and uncertain, and also, because it relies upon the pendency of a proceeding, *i. e.* a motion to strike out the judgment instituted subsequent to final judgment.

The Ohio judgment would have been a good bar to the present suit, even if an appeal were now pending from that judgment. *Bank of North America vs. Wheeler*, 28 *Conn.*, 433.

The second replication is also bad, because it attempts to put in issue the propriety of the action of the Ohio Judge in overruling the motion to strike out the judgment rendered there—a matter which it was not competent for the Court below to review.

The fourth replication is bad, because the defendant was under no obligation to keep the plaintiffs advised in the law of their case, either in Ohio or here.

The appellants, by entering into the agreement at the trial to waive all errors in pleading, acquiesced in the

action of the Court in sustaining the demurrer to the replications.

The appellee was plainly entitled to read in evidence the portions of the statute law of Ohio offered in evidence by him from the edition of " the Revised Statutes of Ohio" used at the trial below. The Code, article 37, section 47, provides that the statutes of any State may be read in evidence from *any printed volume purporting to contain the statutes of such State.* The volume of Ohio statutes used at the trial below clearly comes within the requirements of the Code, for upon its very title page appear the words : "Published for the State of Ohio, and distributed to its officers under the Act of the General Assembly, passed March 16, 1860."

The objections offered by the appellants in the Court below to the admission in evidence of the transcript of the record of the Ohio judgment, and set forth in the third bill of exceptions, were not tenable. There can be no question that the Ohio judgment, if founded upon the same cause of action as that relied upon by the appellants as the foundation of the present suit, would have merged that cause of action, and would form a complete bar to the present suit. *Bank of U. S. vs. Merchants' Bank,* 7 *Gill,* 415 ; *Whitehurst vs. Rogers,* 38 *Md.,* 503–514, 515.

It does not appear from the Ohio record that the defendant was personally served with process in the case in which the judgment was rendered against him in that State; but it does appear from the transcript of that record, and the evidence in the case below, that the process in the Ohio case was left at the residence of the defendant, *in accordance with the method prescribed by the laws of Ohio for the service of summons in such cases,* and that the defendant was, at the time of the institution of that suit, and had, for many years prior thereto, been, a resident of the State of Ohio.

It is well settled that a judgment *against a citizen of the State where rendered,* even without personal service of process, if the defendant be summoned according to the laws of that State, merges the cause of action, and is valid and conclusive everywhere, and will sustain an action in another State upon the record, or will form a bar to a new suit upon the original cause of action. *Freeman on Judgments, sec.* 221; *Henderson vs. Standiford,* 105 *Mass.,* 504–6, *Beisenthal vs. Williams,* 1 *Duv.,* (*Ky.,*) 329, 331; *Black vs. Black,* 4 *Bradf.,* 174, 208–9; *Fullerton vs. Horton,* 11 *Vermont,* 425–427; *Buford vs. Pugh,* 13 *Arkansas,* 33, 35; *Weaver vs. Boggs,* 38 *Md.,* 260.

The transcript of the Ohio record was a full and complete copy of the entire proceedings in the case up to final judgment.

If the Court here be satisfied that the Ohio Court rendering the judgment in question had jurisdiction over the defendant personally, in accordance with the laws of Ohio, then it was not competent for the Court below to inquire into the regularity of the proceedings in the Ohio Court intervening between service of process and rendition of judgment; but further, if the successive steps of the case in Ohio are inquirable into, then the record shows that all of those steps were taken according to the laws of Ohio. *State, use of Bruner vs. Ramsburg,* 43 *Md.,* 334-5; *Anderson vs. Fry,* 6 *Ind.,* 76.

The record of the Ohio judgment was properly certified, both under the Revised Statutes of the United States, ch. 17, sec. 905, and under the provisions of the Code, Art. 37, sec. 35. The fact that the clerk did not sign his full Christian name to the certificate was not material. In the case of *Knapp vs. Abell,* 10 *Allen Rep.,* the signature of the clerk to the certificate was " M. Chamberlain, Clerk ;" and in the case of *Harper vs. Nichol,* 13 *Texas,* 152, the clerk signed " Wm. T. Avery, Clerk ;" and in both cases the record was held to have been properly certified.

The certificate of the Judge to the transcript, following that of the clerk, that the attestation of the clerk *is in due form* and *by the proper officer*, is conclusive as to the regularity of the clerk's signature. *Freeman on Judgments*, sec. 412; *Regan vs. McCormick*, 4 *Harr.*, (*Del.*,) 435; *Grover vs. Grover*, 30 *Mo.*, 400, 403; *Ferguson vs. Harwood*, 7 *Cranch*, 408.

The appellants' first prayer was properly rejected by the Court below, because it is at variance with the doctrine plainly laid down by the Court of Appeals in numerous cases, in which it is declared that to make a judgment in a prior suit between the same parties a bar to a second suit, it is only necessary that the cause of action in the two suits should be *virtually* and *substantially* the same; and this virtual identity of the cause of action in the two suits need not appear of record, but may be established by parol testimony, either under the *general issue*, or a special plea setting up the prior judgment as a bar. The form of action in the two causes need not be the same; it is sufficient if the subject-matter of the suits be substantially the same. *Whitehurst vs. Rogers*, 38 *Md.*, 503, 514, 515; *State, use of Bruner vs. Ramsburg*, 43 *Md.*, 325, 334.

The second prayer of the appellants was properly rejected by the Court below, because it was shown that at the institution of the suit, and at the time of the making of the admission by Schryver to the appellee's attorney as to the identity of the causes of action in the two suits, the appellants were co-partners, and that they continued to be such up to the time of the trial below. It was a plain case of an admission of a member of an existing firm relative to a matter of partnership concern. 1 *Greenleaf on Evidence*, secs. 172, 174, 177; *Doremus vs. McCormick*, 7 *Gill*, 63.

The prayer of the appellee which was granted by the Court below, correctly states the law of the case in accordance with the principles laid down by the Court of Appeals

in the cases of *Whitehurst vs. Rogers*, 38 *Md.*, 514, 515; and *State, use of Bruner vs. Ramsburg*, 43 *Md.*, 325, 334.

ROBINSON, J., delivered the opinion of the Court.

The appellants instituted a *non-resident attachment* suit. against the appellee, and caused the writ to be laid in the hands of sundry persons as garnishees, against whom suits. were docketed in the usual form.

The appellee, defendant below, appeared to the short. note case, and pleaded

1st. Not indebted as alleged.

2nd. That he did not promise as alleged.

3rd. That prior to the institution of this suit, the plaintiffs had recovered a judgment against the defendant, for the same cause of action in the Court of Common Pleas,. for the County of Ross, in the State of Ohio.

The plaintiffs joined issue on the first and second pleas,. and filed four replications to the third plea.

The defendant joined issued on the third replication,. and demurred to the first, second and fourth replications.

In these replications the plaintiffs allege that the judgment relied on in the defendant's pleas, is invalid, because a motion was filed by the defendant to set it aside, on the ground that he was not indebted to the plaintiffs, and also because he had not been served with process; and. that for the purpose of pleading the alleged judgment in bar in this suit, the defendant fraudulently consented to. have the said motion overruled.

The question then presented by the demurrer, is, whether these facts are a sufficient answer to the defendant's pleas?

Now it is well settled that a judgment recovered against a defendant in another State, is a bar to a suit brought upon the same cause of action in this State. *Bank of U. S. vs. Merchants' Bank*, 7 *Gill*, 415; *Whitehurst vs. Rogers*, 38 *Md*, 503–515; 2 *American Leading Cases*, 617.

And when it is relied on as a plea in bar, the only question open for inquiry is, whether the Court in which the judgment was rendered had jurisdiction of the person or subject-matter. See cases collated in 2 *American Leading Cases*, 617.

The judgment is conclusive as to the merits of the controversy. 2 *Smith's Leading Cases*, 679, 841; 2 *American Leading Cases*, 612.

The fact then, that the defendant filed a motion to set aside the judgment in the Court in which it was rendered, and the grounds on which the motion was based, are quite immaterial so long as the judgment stands between the parties. If the plaintiffs had a judgment against the defendant in Ohio, for the same cause of action which they are prosecuting here, they certainly have no reason to complain, that the defendant agreed to have his motion to strike out the judgment overruled. Be that as it may, the motion in no manner affects the validity of the judgment, and constitutes no sufficient answer to the defendant's plea, and the demurrer was therefore properly sustained.

The next question presented by the record is, whether the judgment offered in evidence is a valid judgment against the defendant?

It does not appear from the face of the judgment that personal process was served upon the defendant, but it does appear that a written notice was left at his place of residence.

It is essential, of course, to the validity of every judgment, that the parties to be bound should have notice of some kind, either. *actual* or *constructive.* Every one is entitled to his day in Court, and to the right of being heard before a judgment of any kind is rendered against him. But it is not always necessary that personal process shall be served upon him. Each State has the right to prescribe by law how its citizens shall be brought into its Courts.

And whatever conflict there may be in some of the earlier cases on the subject, we think it is now well settled, that if process be served upon the defendant, according to the laws of the State of which he is a *resident,* and judgment be afterwards rendered against him, such a judgment is as binding between the parties, in this State, when relied on as a bar to the prosecution of a second suit, upon the same cause of action, as it is in the State where it was rendered. *Price vs. Hickok,* 39 *Vermont,* 292; *McRae vs. Walton,* 13 *Pick.,* 52; *Pooman vs. Crane,* 1 *Wright,* (*Ohio,*) 347; *Joiner vs. Hill, S. C.,* 439; *Hunt vs. Lyle,* 8 *Yerger,* 142; *Green vs. Sarmiento,* 1 *Pet. C. C.,* 74; *Rangely vs. Webster,* 11 *N. H.,* 299.

If so, the question then is, whether the service of the process in this case was in conformity with the statute law of Ohio? To prove this, the defendant offered to read in evidence as statute laws of that State, from a book in two volumes published in 1860, entitled "The Revised Statutes of the State of Ohio," of a general nature, in force August 1st, 1860, collated by Joseph R. Swan, with notes of the decisions of the Supreme Court by Leander J. Critchfield, and upon the title page of which appeared the following words in printing: "Published for the State of Ohio, and distributed to its officers, under the Act of the General Assembly, passed March 16th, 1860;" to the reading of which the plaintiffs objected.

Article 37, sec. 47, of the Code provides "that public or private statutes of any State may be read in evidence from any printed volume purporting to contain the statutes of the said State." The book from which the defendant proposed to read, not only purports to contain the statutes of Ohio, but upon the title page purports to have been "published for the State of Ohio, and distributed to its officers, under the Act of the General Assembly, passed March 16th, 1860." It is a volume, therefore, strictly within the meaning of the Code, and was therefore admissible in evidence.

Harryman and Schryver *vs.* Roberts.

The record of the Ohio judgment was properly certified both under the Revised Statutes of the United States, ch. 17, sec. 905, and under the provisions of the Code, Art. 37, sec. 35. The Clerk of the Court of Common Pleas certifies, under the seal of the Court, that it is a true copy of the record, and the Presiding Judge of said Court certifies to the official character of the Clerk, and the Clerk certifies, under the seal of the Court, to the official character of the Judge. It was not necessary that the Clerk should sign his full Christian name to the certificate. The signature of "E. W. Pearson, Clerk of the Court of Common Pleas of Ross County, Ohio," was sufficient.

There was no error in refusing the plaintiffs' first prayer. In order to make a judgment in a prior suit between the same parties a bar to a second suit, it is only necessary to prove that the subject-matter of the two suits is substantially the same. The fact that the forms of action in the two cases are different, does not affect the question, provided the matter in controversy be the same. *Whitehurst vs. Rogers*, 38 *Md.*, 503; *State, use of Bruner vs. Ramsburg*, 43 *Md.*, 325.

The second prayer was also properly refused. By it, the Court was requested to instruct the jury that the admission of one of the plaintiffs, that the causes of action in this suit and in the Ohio judgment, offered in evidence, are the same, was not binding upon the other plaintiff. The plaintiffs were co-partners, and continued to be up to the trial below, and the admission of one member of the firm relative to a matter of partnership concern was binding upon the other partner. 1 *Greenleaf Ev.*, 172, 174, 177; *Doremus vs. McCormick*, 7 *Gill*, 63.

It follows from what we have said, that there was no error in granting the defendant's prayer.

The judgment below will, therefore, be affirmed.

*Judgment affirmed.*

(Decided 19th June, 1879.)