CONTINENTAL NATIONAL BANK of Boston, Respondent, *v.* HORACE K. THURBER, Appellant, Impleaded with Others.

SAME *v.* UNITED STATES BOOK COMPANY and Others.

*Substituted service of summons — constitutionality of section 435 of the Code of Civil Procedure — facts authorizing a substituted service.*

Section 435 of the Code of Civil Procedure, providing for a substituted service of a summons upon residents of the State of New York, in lieu of personal service, is not violative of the constitutional provision that a person shall not be deprived of his property without due process of law.

Every sovereignty has power to regulate the procedure of its courts and prescribe the rights which plaintiffs may acquire and the liabilities which may be imposed on resident defendants by the judgments of its tribunals.

What facts presented upon an application for an order for substituted service are sufficient to authorize the court to grant the order.

When the affidavits read in support of a motion to vacate the order for substituted service do not establish the fact that the defendant's place of sojourn could have been ascertained by the plaintiff or his attorney.

APPEALS by the defendant, Horace K. Thurber, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 12th day of October, 1893, denying the defendant's motion to vacate a judgment against him; and also from an order made at the New York Special Term and entered in the said clerk's office on the 22d day of September, 1893, denying the defendant's motion to vacate an order permitting a substituted service upon him of the summons in the action.

*H. Aplington*, for the appellant.

*James Byrne*, for the respondent.

FOLLETT, J.:

This action was brought to recover of the appellant the amount due on a bill of exchange, dated January 18, 1893, drawn and payable at the city of New York, and indorsed by the defendant at that city. When the bill was drawn the defendant was, and has ever since remained, a resident citizen of this State. The summons in this action was issued August 10, 1893, and on the twenty-third of the same month an order for the substituted service of it on the defendant was granted, pursuant to section 435 of the Code of Civil Procedure.

August 23, 1893, the summons and order were served on the defendant by leaving copies of them at his residence with a person of proper age, pursuant to said order and section 436 of the Code. The defendant failed to appear in the action, and September 16, 1893, judgment was entered against him, which he moved to vacate on the following grounds:

" 1. That the court had not, at the date the said order for substituted service was made, nor at the date said judgment was rendered, jurisdiction over the person of said Horace K. Thurber.

" 2. That said judgment, being a personal judgment, is void, as there has been no personal service of the summons herein upon said Horace K. Thurber.

" 3. That section 435 of the New York Code of Civil Procedure, under which said order for substituted service was made, is unconstitutional, being contrary to the provisions of article V and article XIV of the amendments to the Constitution of the United States.

" 4. That said judgment was so rendered against said Horace K. Thurber without due process of law."

The motion was denied and said defendant appeals from the order. The appellant's sole point, which he has divided into four, is that the court did not acquire jurisdiction to render a personal judgment against him, not because all of the steps required by the Code were not duly taken, but because the legislation establishing the procedure for the substituted service is violative of the provision of the Constitutions of the United States and of this State, that a person shall not be deprived of his property without due process of law. A citizen of a State is bound by its laws, both substantive and those

regulating judicial procedure. Acquiring jurisdiction of resident defendants by constructive service of process is a proceeding according to the course of the common law, and is due process of law. This kind of service was not unknown to the common law, but was an authorized mode by which the English courts of law, and of equity, from the earliest times acquired jurisdiction of resident defendants. (3 Black. Com. 383, 445.)

Anciently, if a citizen refused to appear and answer to the process of the courts of England he was outlawed and his property taken to satisfy the just demands of his creditors. (2 Reeves' Hist. Eng. Law [Finlason's ed.] 308; 6 Bracton [Twiss' ed.] 477, *et seq. ;* 2 Sellon's Pr. [1st Am. ed.] 277.)

In this State outlawries in personal actions were regulated by chapter 9 of the Laws of 1787, and the practice in such cases is stated in chapter 10 of Wyche's Practice, the first work published on the procedure of the courts of this State.

Every sovereignty has power to regulate the procedure of its courts and prescribe the rights which plaintiffs may acquire and the liabilities which may be imposed on resident defendants by judgments recovered in its tribunals. (*Hunt* v. *Hunt,* 72 N. Y. 217; *Rigney* v. *Rigney,* 127 id. 408; *Mackay* v. *Gordon,* 34 N. J. Law, 286; Piggott For. Judg. 130; *Schibsby* v. *Westenholz,* L. R. [6 Q. B.] 155.)

In the case last cited Lord BLACKBURN said : " Now, on this we think some things are quite clear on principle. If the defendants had been, at the time of the judgment, subjects of the country whose judgment is sought to be enforced against them, we think that its laws would have bound them. Again, if the defendants had been, at the time when the suit was commenced, resident in the country, so as to have the benefit of its laws protecting them, or, as it is sometimes expressed, owing temporary allegiance to that country, we think that its laws would have bound them." This was said in an action brought to recover on a judgment recovered against the defendants in France. The defendants were not domiciled in France nor subject to the jurisdiction of the French court. They had no notice nor knowledge of the proceedings, and did not appear in the action. All countries having judicial systems provide modes by which resident citizens can be bound by the judgments of its

courts without personal service of the process, and abstracts of the statutes of many States and countries will be found in Piggott on Judgments.

The motion to vacate the order for substituted service was made upon the following grounds:

"*First.* That this court had and has no jurisdiction over the person of defendant, Horace K. Thurber, herein.

"*Second.* That the papers upon which said order was granted were not sufficient to authorize the court or judge to grant said order.

"*Third.* That the affidavits produced herein on behalf of said defendant, Horace K. Thurber, disclose the fact that the place of sojourn of said Horace K. Thurber could have been ascertained by the plaintiff or its attorneys, and for such other or further relief as to the court may seem just and proper."

We think that the papers upon which the order was granted were entirely sufficient to authorize the court to grant it, and that the affidavits upon which the motion was heard do not disclose the fact that the place of sojourn could have been ascertained by the plaintiff or its attorneys.

The opinion upon this question, delivered at Special Term, which was the only one discussed by the learned judge, clearly shows that sufficient facts were shown by the moving affidavits to justify the order.

The orders should be affirmed, with ten dollars costs on each appeal.

VAN BRUNT, P. J., and PARKER, J., concurred.

The opinion delivered at Special Term is as follows:
" INGRAHAM, J.:

" The question to be determined on this motion is whether or not the plaintiff had made diligent efforts to serve the summons upon the defendant, and whether the plaintiff could ascertain the place of his sojourn, not whether the defendant's intimate friends, relatives and attorney had knowledge of the defendant's place of sojourn, and I think in this case the plaintiff did make reasonable efforts to ascertain the defendant's place of sojourn. He called upon the defendant's brother, and it does not appear that informa-

tion was given as to the place where the defendant at that time could be found.

"He called at his house and no information could be obtained there; he requested an appearance from the defendant's attorney, and was informed that there was no authority to appear; and it now appears as a fact that the defendant was at the time traveling in the southwest, and it does not appear that any one at that time knew the exact place of his sojourn.

"There was no intimation given to the plaintiff's agent who had called at the defendant's house that there was a person in the house who could give any information upon the subject, nor was it intimated that there was at that time a housekeeper in the house, and there is nothing to show that any information was given to the plaintiff or his agent, nor any answer to all the inquiries that were made, by which the place of the defendant's sojourn at the time could be ascertained.

"It is not necessary to find that the defendant was endeavoring to conceal the place of his sojourn.   It is enough to say that he left the State and remained away for several months without leaving any one behind to represent him or give any information that would enable a stranger to ascertain his whereabouts.

"I think, therefore, the order was properly granted, and that the motion to vacate should be denied."