In the Matter of the Application of WILLIAM H. McDONALD, JR., Respondent, for the Removal of GEORGE F. HUTTER and Another, Appellants, from Certain Premises in the City of Niagara Falls, N. Y..

County Court, Niagara County, October 28, 1927.

**Summary proceedings to dispossess — judgment for rent — under Civil Practice Act, § 1425, judgment for rent due may be given — substituted service sufficient under Civil Practice Act, § 1421.**

In summary proceedings to dispossess, the court may render judgment for the rent due, under section 1425 of the Civil Practice Act, as amended by chapter 514 of the Laws of 1924, if the precept contains a notice that the judgment for the rent in arrears will be demanded and is served at least five days before the return day thereof.

It is not necessary in order for the court to have jurisdiction to give a judgment for rent in arrears that the process be served personally, but it is sufficient if substituted service is made in conformity with the requirements of section 1421 of the Civil Practice Act.

APPEAL by tenants from an order of the City Court of Niagara Falls, N. Y., denying a motion to vacate judgment by default against tenants on the grounds that the tenants were not personally served with the precept and that neither of them appeared in the proceedings.

*Ira M. J. Hovey,* for the appellants.

*J. Wm. O'Brien,* for the respondent.

HARCOURT, J.   I have examined the propositions involved in. the appeal in the above-entitled matter.   Notwithstanding the decision of *Brambir* v. *Seifert* (127 Misc. 603), I affirm the judgment of the court below upon the opinion rendered in that court.

The following is the opinion of the court below:

TUCKER, City Judge.   The 1924 amendment of section 1425 of the Civil Practice Act provides: " If the precept contain a notice that demand is made in the petition for a judgment for rent in arrears, and the precept is served at least five days before the return day thereof, the Court, upon rendering a final order, may determine the amount of rent due to the petitioner and give judgment for the amount found to be due."   (Laws of 1924, chap. 514.) This amendment is framed in language so plain that an attempt to construe it is superfluous.   The function of the courts is to enforce statutes, not to usurp the power of legislation; and, if the legislative intent is clear, no attempt at construction will be made.   The courts will carry out the obvious intention of the law-making body, subject

only to its power to strike down an enactment which conflicts with the State or Federal Constitution. (1 McKinney's Consol. Laws of N. Y. § 55.)

The statutory provisions for substituted service are based on common-law principles; they are effective *in personam,* and are not a violation of the constitutional requirement of due process. (*Continental Nat. Bank* v. *Thurber,* 74 Hun, 632; affd., *sub nom. Continental Nat. Bank* v. *United States Book Co.,* 143 N. Y. 648; *Hodgens* v. *Columbia Trust Co.,* 103 Misc. 415, 421.)

The purpose of this amendment is obvious. Before its passage the landlord would have had to bring a separate action to enforce payment of the rent. This action could be started by substituted service of the summons. The amendment provides for judgment for rent in arrears in the summary proceedings " If the precept contain a notice that demand is made in the petition for a judgment for rent in arrears, and the precept is served at least five days before the return day thereof." Section 1421 of the Civil Practice Act provides for substituted service of a precept. That is a well-established practice. The amendment does not limit the provision as to judgment to proceedings started by personal service of the precept. The amendment is practical and reasonable. It is no more drastic than are the provisions relating to attachment and replevin. Motion denied.