PEARL L. WOOD et al., Appellants, v. LOUIS PERGAMENT, Respondent.— Action by plaintiff wife to recover damages for personal injuries sustained in a collision between defendant's automobile and an automobile driven by her, and by her husband for medical expenses and loss of services. From a judgment in favor of the defendant, entered upon a dismissal of the complaint at the close of the plaintiffs' case, plaintiffs appeal. Judgment reversed on the law and a new trial granted, with costs to abide the event. There was evidence of negligence on the part of the defendant, and the trial court erred in dismissing the complaint upon the ground that the plaintiff wife was guilty of contributory negligence as a matter of law. Whether she was guilty of contributory negligence, and whether she exercised the care required by subdivision 12 of section 81 of the Vehicle and Traffic Law, were questions of fact for the jury. Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur.

## (February 14, 1944.)

BANK OF NEW YORK, Respondent, v. DAVID G. LEGGET, Appellant.— Appeal by defendant from an order denying his motion to vacate a money judgment entered against him by default in an action in which jurisdiction over him was claimed to have been obtained by service of process without the State pursuant to an order of the court. Order reversed upon the law, with ten dollars costs and disbursements, and the motion granted, without costs. The action, which was for a declaratory judgment, also sought a money judgment. In the latter aspect it unquestionably was an action *in personam*. The defendant was served without the State, pursuant to an order of the court. No jurisdiction *in rem* existed or was obtained by attachment or otherwise. The court, therefore, was without jurisdiction to enter a money judgment. (*Karchman* v. *Karchman*, 224 App. Div. 773; Carmody, New York Pleading and Practice, Vol. 2, § 700; *Pennoyer* v. *Neff*, 95 U. S. 714.) The amendments of section 232 of the Civil Practice Act have placed a resident and nonresident on the same plane, so far as concerns jurisdiction *in personam*, and seem to have made inappropriate assimilating the rule, in *Continental National Bank* v. *Thurber* (74 Hun 632, affd. on opinion below 143 N. Y. 648), relating to substituted service of process, to service without the State pursuant to an order, which was permitted under prior language of section 232 of the Civil Practice Act. (Carmody's New York Practice, p. 118 of 1923 and 1924 editions; Ninth Annual Report, Judicial Council, p. 339 *et seq.*) Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ., concur. [See 268 App. Div. 779.]

NICK CORRA et al., Appellants, v. HERMAN P. RUTHENBERG et al., Respondents, et al., Defendants.— Action to recover damages for false imprisonment. Judgment entered on the dismissal of the complaint at the close of plaintiffs' case, and order denying plaintiffs' motion that but one bill of costs be entered against them, insofar as appealed from, unanimously affirmed, without costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ. [See *post*, p. 956.]