28 N.J. Super. 290 (1953)
100 A.2d 545
NAOMI RUTH LEA, PLAINTIFF,
v.
ROBERT M. LEA, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 16, 1953.
*293 Mr. Morton C. Steinberg, attorney for plaintiff.
Mr. Thomas D. Begley, attorney for defendant.
MCLEAN, J.S.C.
This is an action seeking to recover alleged arrears of alimony based on a judgment for divorce and alimony obtained in the Supreme Court of New York, and directly attacking the decree of divorce obtained by the defendant in the Ashley County Chancery Court of Arkansas.
The parties were married November 5, 1925, in the State of New York. After their marriage they lived together as husband and wife in New York State until about 1942. The defendant was in the federal service as a member of the border patrol of the United States Immigration and Naturalization Service. In 1942 he was transferred to Boston, Massachusetts, where he served until about the year 1944, when he was transferred to New Orleans, Louisiana. At these various stations he lived with his wife and the son born of the marriage. In 1948 he was transferred to Del *294 Rio, Texas. In March 1952 he was transferred to Philadelphia, Pennsylvania, and resides at Merchantville in this State.
During their life in New Orleans defendant became infatuated with another woman. Differences arose and plaintiff returned to New York. While living with plaintiff in New Orleans, defendant obtained a decree of divorce in the State of Arkansas (the incidents whereof appear hereafter) and subsequently married the woman with whom he now resides. A daughter was born of the marriage. Plaintiff in 1947 instituted a suit in the Supreme Court of New York for divorce and alimony, alleging adultery of the defendant, and judgment was entered in her favor. The decree provided: that the decree rendered by the Ashley County Chancery Court of the State of Arkansas is not entitled to recognition in the State of New York; that the plaintiff is entitled to a judgment against the defendant Robert M. Lea dissolving the marriage relation heretofore existing between the parties hereto, because of the adultery of the defendant; that plaintiff is entitled to the sole custody of the infant issue of the marriage of the parties hereto; that the plaintiff is entitled to receive from the defendant for her support and maintenance the sum of $5 per week and for the support and maintenance of the infant issue of the marriage of the parties the sum of $15 per week, commencing from the date of entry of the judgment.
Plaintiff by this action seeks to have full faith and credit to the judgment of the New York court and judgment for arrears of alimony.
Defendant challenges the validity of the New York judgment on the ground that it was entered without the court having jurisdiction over him, in that he was not personally served with process within the State of New York. He is within his rights. It is well established that in determining the credit to be given the judgments of a sister state the courts of this State will inquire into the jurisdictional facts. The meritorious question here is, was the service of the summons due process of law? The summons was served *295 personally on defendant in New Orleans, Louisiana, by a deputy sheriff of New Orleans. The procedure was in accord with the New York Civil Practice Act, sec. 235, which provides that where the complaint demands judgment annulling a marriage, or for divorce, or a separation, or a sum of money only, service of the summons may be made outside of the state on a defendant domiciled in New York if made by a New York resident or citizen or a sheriff or undersheriff or a deputy sheriff of the political subdivision in which service is made. Such service has been held to be due process of law.
"The authority of a state over one of its citizens is not terminated by the mere fact of his absence from the state. * * * One such incidence of domicile is amenability to suit within the state even during sojourns without the state, where the state has provided and employed a reasonable method for apprising such an absent party of the proceedings against him. See, Restatement, Conflict of Laws, §§ 47, 49; Dodd, Jurisdiction in Personal Actions, 23 Ill. L. Rev. 427. Here such a reasonable method was so provided and so employed." Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940).
This case appears on page 247 in the book by Chief Justice Vanderbilt, entitled Cases and Materials on Modern Procedure and Judicial Administration, with the following footnote:
"Rehearing denied 312 U.S. 712, 61 S.Ct. 548, 85 L.Ed. 1143 (1941). Cf. N.Y.C.P.A. sect. 235 (1950), extending in personam jurisdiction of New York courts to cases when personal service has been effected outside of the state on a resident defendant. See for analysis of this section, 22 N.Y.U.L.Q. Rev. 321 (1947)."
Cf. Continental Nat. Bank v. Thurber, 74 Hun 632, 26 N.Y.S. 956, affirmed 143 N.Y. 648, 37 N.E. 828; Blackmer v. U.S., 284 U.S. 421, 52 S.Ct. 252, 76 L.Ed. 375 (1932).
It remains then to determine if at the time of the service of summons upon defendant in the New York action he was a domiciliary of the State of New York.
*296 Domicile has been defined in many of our reported cases. Kurilla v. Roth, 132 N.J.L. 213, 315 (Sup. Ct. 1944), and authorities there cited. Harral v. Harral, 39 N.J. Eq. 279 (E. & A. 1884); In re Michelsohn, 136 N.J. Eq. 387 (Prerog. 1944); In re Fisher, 13 N.J. Super. 48 (App. Div. 1951); Cromwell v. Neeld, 15 N.J. Super. 296 (App. Div. 1951). It is sufficient for the present case to state the following principles supported by these authorities.
Domicile is the relation which the law creates between an individual and a particular locality or country. It is the place with which he has a settled connection for certain legal purposes, either because his home is there or because that place is assigned to him by the law. A domicile once established continues until superseded by a new domicile, and the old domicile is not lost until a new one is acquired. And a person may have his residence in one place, while his domicile is in another. One's home may be relinquished and abandoned, while one's domicile upon which may depend certain civil rights and duties, may in legal contemplation remain. To effect a change of domicile there must be a voluntary change of residence; the residence at the place chosen for the domicile must be actual; to the factum of residence there must be added animus manendi, and that place is the domicile of a person in which he has voluntarily fixed his habitation, not for a mere temporary or special purpose, but with a present intention of making it his home, unless or until something uncertain or unexpected shall happen to induce him to adopt some other place as his permanent home. A change of residence for a special purpose does not necessarily amount to a change of domicile. The burden of proof to establish that a change of domicile has occurred rests upon the party asserting it. Domicile is factual, and each case must be evaluated and determined by its own facts and circumstances.
From the record in the instant case, I find the following facts pertinent to the domicile of the defendant. He was a native of Staten Island, New York. He married plaintiff in New York. He obtained employment in the immigration *297 service of the Federal Government. His employment, as indicated by the several stations where he has served, contemplated an assignment to any section of the country as circumstances might require. He was employed in the State of New York from the time of his marriage in 1925 to 1942, when he was transferred to Boston, Massachusetts, where he served for two years. He was then transferred to New Orleans, Louisiana. After a service there of four years he was transferred to Del Rio, Texas, and has since been transferred and is now serving in the Philadelphia area, residing at Merchantville in this State. Manifestly, he must reside at his place of employment which is determined by the needs of the government agency he has elected to serve; that location is determined by his superiors and must necessarily be regarded as temporary. Such a change of residence is for a special purpose. This condition negates the animus manendi essential to a change of domicile.
Consideration of all the evidence adduced leads me to the conclusion that the defendant was domiciled in the State of New York at the time personal service was made upon him in the plaintiff's suit against him for divorce in New York. It therefore follows that the New York court had jurisdiction to enter a judgment in personam against the defendant and that judgment is entitled to full faith and credit in this State.
The plaintiff also seeks an adjudication of this court to the effect that the decree of divorce entered in the Ashley County Chancery Court of Arkansas on the 22nd day of July, 1946, in favor of the defendant herein and against the plaintiff, is null and void and of no effect in this State.
An examination of the record of proceedings of plaintiff's suit for divorce in New York State, which is in evidence in this cause, discloses that the New York Supreme Court adjudged that said Arkansas divorce was not entitled to recognition in the State of New York. Obviously, no judgment for divorce could have been awarded to the plaintiff in her suit for divorce without an adjudication that the *298 Arkansas divorce granted to the defendant was not entitled to recognition in the State of New York.
The matters adjudicated, as shown by the New York judgment, are res judicata in this State.
All defenses which existed anterior to the judgment recovered by the plaintiff in the New York court are deemed in this State to have been conclusively determined in the New York court. Bennett v. Bennett, 63 N.J. Eq. 306 (E. & A. 1901); Smith v. Swart, 103 N.J.L. 150 (E. & A. 1926); Friedland v. Isquith, 106 N.J. Eq. 344, 348 (Ch. 1930).
This court will not undertake to readjudicate the matters determined by the New York court, viz., that the decree of the Arkansas court was not entitled to recognition.
Furthermore, since neither the plaintiff nor the defendant was domiciled in the State of New Jersey at the time the decree of divorce was rendered in the State of Arkansas in favor of the defendant herein, this court will not entertain a suit the object of which is to directly attack the Arkansas judgment. Morrissey v. Morrissey, 1 N.J. 448, 452 (1949).
I find and determine from the evidence adduced in this cause that plaintiff is entitled to arrears of alimony and maintenance from the date of the New York judgment, February 27, 1948, and that the plaintiff is entitled to judgment for that sum.